# Howard *v*. Union Traction Company.

195    391
203    635
e203    637
d 20 SC  615

195     391
26 SC     9

195     391
e211    157

*Negligence—Parties—Joint tort feasors—Street railways— Gas company.*

An action cannot be maintained against a street railway company and a gas company, as joint tort feasors, upon a statement of claim which alleges, that the plaintiff in alighting from a street car was thrown by a block of wood which had been placed across a trench recently dug and filled up by the gas company, and which was left by it in a defective and dangerous condition. An averment that the conductor directed plaintiff to get off the car at a defective and dangerous place, does not in connection with the allegation of negligence against the gas company show a united negligent act of both companies, nor the same act in any sense. There was no community of fault by the two defendants in the act which occasioned the injury, and neither defendant had the least participation in, or control over, the negligent act of the other.

Argued March 27, 1900. Appeal, No. 49, Jan. T., 1900, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 497, on demurrer for defendants, in case of William Howard and Christiana Howard, his wife, v. Union Traction Company and Philadelphia Suburban Gas Company. Before GREEN, C. J., McCOLLUM, MITCHELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries.
Demurrer to statement.

The material averments of the statement and the grounds of demurrer are stated in the opinion of BEITLER, J., which was as follows:

The plaintiffs have sued the two defendants above named, alleging that the wife, Christiana Howard, was, on August 7, 1899, a passenger on one of the Woodland avenue cars of the traction company, and that the company undertook to safely carry the plaintiff for hire. " When the car reached the point where passengers changed for Chester and Wilmington, the car was stopped and the conductor directed the passengers to change for Chester and Wilmington. The plaintiffs were in the act of getting off as directed by the conductor, but as the said Christiana Howard stepped from the car, she was thrown by a

block of wood, which was placed across a trench which had recently been dug and filled up by the said Philadelphia Suburban Gas Company, and which was left in a defective and dangerous condition, so that the said Christiana Howard was thrown violently to the ground, " and injured. The statement alleged that " said injuries were caused by the said Union Traction Company in directing the plaintiff to alight at a dangerous and defective place, which dangerous and defective condition in the highway was caused by the said Philadelphia Suburban Gas Company, and said injuries were due to the joint negligence of said defendant corporations."

To this statement the Union Traction Company and the Philadelphia Suburban Gas Company both demurred, assigning the following reasons :

1. Because the said statement shows that the acts of this defendant and of the Philadelphia Suburban Gas Company, complained of in the said statement, were not joint acts, and that the cause of action cannot be one of joint tort, and that the said defendants were not joint tort feasors.

2. Because the two defendants sued are not liable jointly for the cause of action stated in the plaintiffs' statement of claim.

3. Because the said statement shows that the cause of action is one of a separate tort on the part of one or the other of the said defendants, for which the said defendant is alone responsible in a separate action against it.

There can be no doubt that the law is, as stated in Smith's Treatise on the Law of Negligence, * 265 : " Joint tort feasors may, in general, be sued jointly or separately. . . . So, if several persons are jointly bound to perform a duty, they are jointly and severally liable for omitting to perform it, or for performing it negligently."

In 1 Shearman and Redfield on Negligence, sec. 122, the law is stated almost in the same language, with this added : " Persons who co-operate in an act directly causing injury are liable for its consequences if they act in concurrence or unite in causing a single injury, even if acting independently of each other."

The question is, then, was there a joint duty owing to the plaintiffs by the defendants, or did the defendants co-operate in an act causing injury to the plaintiffs ? The railway company

certainly had no control over the gas company's trench or excavation or the method of covering it. The gas company had nothing to do with the operation of the cars, the point at which they should stop or from which side of a car or at what point a passenger should alight. It follows, then, that there was no joint duty, and it seems equally clear that there was no cooperation in the act which caused the injury.

We do not intend to decide the question whether, if the plaintiffs sue the traction company alone, they can recover. If the company's duty to safely carry a passenger also requires the company to furnish a safe place where the passenger may alight, and, if the car be stopped where the highway is unsafe, to warn the passenger and prevent her from alighting, then the non-repair of the highway where the plaintiff, Christiana Howard, received her injury was not, so far as the traction company is concerned, the breach of duty for her to complain of. The negligence of the company was in stopping at that place or permitting her to alight there.

If she reached the street pavement, and then in going on tripped and fell, she may allege that the gas company was negligent in not properly guarding the trench, and hence her injury. But her right to recover from either the railway company or the gas company is independent. She has a right against the carrier company for the violation of some duty it alone owes her, or she has a right against the gas company for some negligence of its servants, but one right does not depend upon the other.

The only authority given us by the counsel for the plaintiff is Klauder v. McGrath, 35 Pa. 128, in which case it was held that an action for negligence will be against two tort feasors where the injury has resulted from the concurrent negligence of both. Judge STRONG, in deciding the case, said: "The plaintiff below declared against the defendants for an injury which she had received in consequence of the fall of a party wall negligently sustained by them. The basis of the action was the negligence of the defendants. It is contended now that they could not be held jointly liable. The maintenance of an insecure party wall was a tort in which they were both participants. The act was single, and it was the occasion of the injury to the plaintiff. It is difficult, therefore, to see why both were not liable, and liable jointly. The case is not to be confounded with

actions of trespass brought for separate acts done by two or more defendants. Then, if there has been no concert, no common intent, there is no joint liability. Here, the keeping of the wall safe was a common duty, and a failure to do so was a common neglect. The rule often recognized is, that when an injury has resulted from the concurrent negligence of several persons, they are jointly responsible. Thus, if a passenger be injured by a negligent collision of the trains of two railroad companies, he may maintain one action against both: Colegrove v. New York & Harlem and New York & New Hampshire Railroad Companies, 13 N. Y. Super. Ct. Reps. 382. So, an action may be maintained jointly against towns for an injury resulting from the insufficiency of a bridge which both towns are under obligation to maintain.: Peckham v. Burlington, Brayt. (Vt.) 134."

We have quoted this entire opinion because it shows the distinction between joint torts and torts separate and not concurrent.

Bard & Wenrich v. Yohn, 26 Pa. 482, is in the same line exactly. Judge KNOX there said: " The declaration charges the defendants as joint wrongdoers. Proof of separate acts not committed with a common design or for a common purpose and without concert will not authorize a joint recovery. . . . Where two or more commit separate trespasses, or do separate acts. tending to produce injury to another without concert, there is no joint liability, and consequently there can be no joint recovery."

In Little Schuylkill, etc., Railroad and Coal Co. v. Richards, 57 Pa. 142, it was held that, though several mine owners threw dirt into a river which, combined, filled up a dam, yet the liability of the several defendants began with the act of each on his own land, and was wholly separate and independent of concert with others, and the tort of each was several when committed, and did not become joint because its consequences united with other consequences. To the same effect are Leidig v. Bucher et al., 74 Pa. 65, and Gallagher v. Kemmerer, 144 Pa. 509.

The demurrer is therefore sustained.

*Error assigned* was the judgment of the court.

*Francis G. Gallagher*, for appellant.—The concurrence essen-

tial to hold several defendants jointly liable under the decisions of the courts does not appear to necessarily consist of any agreement, design or purpose intentionally entered into on the part of the several defendants, but may simply consist in the joining of their several acts which concur in producing the injury complained of: Williams v. Sheldon, 10 Wendell, 654; Cuddy v. Horn, 46 Mich. 596; Village of Carterville v. Cook, 129 Ill. 152; North Penna. R. R. Co. v. Mahoney, 57 Pa. 187; 1 Shearman & Redfield on Negligence, sec. 122.

*Thomas Leaming*, for Union Traction Company, and *Thomas Hart, Jr.*, for Suburban Gas Company, were not heard.

PER CURIAM, April 16, 1900:

The plaintiffs in their statement of claim set forth that the traction company was a corporation engaged in the business of carrying passengers for hire, and the gas company was a corporation engaged in the business of manufacturing and supplying gas. They further averred that the plaintiffs were passengers on the car of the traction company on August 7, 1899, and that the traction company undertook to carry them safely, and that as they were in the act of getting off from the car, one of them, the wife, was thrown by a block of wood which was placed across a trench which had been recently dug and filled up by the gas company, and which was left in a defective and dangerous condition, and that she thereby sustained a severe injury for which the present action was brought. It was further alleged that the plaintiffs were directed to get off the car at a defective and dangerous place, and that therefore the injury sustained was the result of the joint negligence of both defendants. To this statement of claim the defendants demurred, chiefly on the ground that the injury complained of was not the result of any joint act of the defendants, and therefore they could not be sued as joint tort feasors. The learned court below sustained the demurrer.

We are very clear that upon the cause of action as stated in the claim there was no community of fault by the two defendants in the act which occasioned the injury. The statement of claim alleges that the injury was caused by the block of wood placed and maintained by the gas company in a defec-

tive and dangerous condition over a trench dug by that company. It is too plain for argument that this was the sole fault of the gas company according to the plaintiffs' allegation. For that fault that company alone would be responsible, as no authority or control over the trench by the traction company is alleged in the statement. If the traction company directed the plaintiffs to leave the car at a dangerous place it would be in fault and therefore liable for a breach of its duty as a carrier in that respect. But it cannot possibly be said that the fault of the two companies was one identical act or omission. The direction to leave the car did not cause the injury, and the gas company had nothing to do with it. The direct and immediate cause of the injury was the block of wood maintained over the gas company's trench, and with that cause the traction company had nothing to do. It is perfectly manifest that the two negligent acts complained of are not the united act of both companies, nor the same act in any sense. They are entirely separate and independent acts of each, and neither defendant had the least participation in or control over the negligent act of the other. The opinion of the learned court below contains a very clear and forcible exposition of the whole subject, and a sufficient reference to the authorities which control the question. We concur entirely with the court in the conclusion reached and in the reasoning in support of it.

Judgment affirmed.