# Schoenfeld, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Passengers—Joint tort feasors—Station platform.*

In an action against two railroad companies to recover damages for personal injuries, the defendants cannot be charged as joint tort feasors or individually negligent, where the evidence shows that the plaintiff was a passenger on the rear car of a train of one of the defendants, that he alighted from the rear end of the car at a point to which the station platform did not extend, although it did extend to the front of the car; that the plaintiff after alighting did not get on to the platform and proceed to the exit, but turned in the opposite direction, walked over 700 feet and stepped almost immediately in front of a locomotive of the other railroad company, and was injured.

Argued Oct. 14, 1913. Appeal, No. 61, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1910, No. 4,629, for defendant n. o. v. in case of George Schoenfeld v. Philadelphia, Baltimore & Washington Railroad Company and Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SULZBERGER, P. J.

578 SCHOENFELD, Appellant, *v.* PENNA. R. R. CO.

Statement of Facts—Opinion of the Court.     [55 Pa. Superior Ct.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,000.  Subsequently the court entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Hugh Roberts*, for appellant.

*Joseph D. McCoy*, with him *John Hampton Barnes*, for appellee.

OPINION BY HENDERSON, J., February 20, 1914:

The appellant brought a joint action against the defendants for negligence resulting in an injury to him received while at the Broad Street Station of the Pennsylvania Railroad in Philadelphia.  He had arrived from Baltimore and alighted, as he alleged, from the rear end of the last car of the train and after leaving the car was struck by a locomotive on another track.  The negligence set forth in the declaration is that the train on which the plaintiff arrived was carelessly and negligently stopped at the Broad Street Station and that the defendants carelessly and negligently directed the plaintiff to alight therefrom; that the defendants failed to give any warning or notice to him of the dangers of so alighting and took no care whatever of his safety; that while he was in the act of leaving the train the defendants carelessly and negligently caused a locomotive to be run against him so that he was struck and thrown to the ground and sustained serious injury.  The evidence does not show what the connection of the defendant companies was with the transportation and injury of the plaintiff.  It is clear that his hurt was received when he was struck by a locomotive of the Pennsylvania Railroad Company and the evidence tends to show that he was carried from Baltimore to Philadelphia over the line of the other defendant.  There is

nothing from which it appears or could be inferred that there was concert or concurrence of action by the defendants in producing the injury complained of. The direct cause of the injury was the contact with the locomotive. The direction to the plaintiff to alight from the car which is charged to have been negligence was in no way connected with the subsequent contact of the plaintiff with the other train. The announcement of the conductor or trainman that the car had arrived at Broad Street Station did not cause the injury and with that act the Pennsylvania Railroad Company had no connection so far as the testimony discloses or if it was responsible for that action the other defendant is in no way involved. From either point of view there was not a joint trespass. The negligent acts complained of were not the same acts nor the combined acts of the two companies. If the locomotive which struck the plaintiff and the train on which he arrived at the station were operated by, and under the control of, the same company there was a failure to show any joint negligence. The action of the court in entering judgment non obstante veredicto could be sustained therefore on this ground, for when a joint trespass is charged a joint trespass must be proved to support the case: Howard v. Traction Co., 195 Pa. 391; Wiest v. Trac. Co., 200 Pa. 148. The action of the court may also be sustained on the other ground that the plaintiff failed to show negligence on the part of either of the defendants. The only witness called in support of the case was the plaintiff, and his testimony is quite obscure as to the circumstances under which he was hurt. According to his statement he was at the rear end of the car after the train stopped when the conductor called Broad Street Station. His manner of getting off the car he thus describes: "Then I stand up for going out and he seen me going out and it was dark outside and I go on the step and the next thing I fall down and then I found out it was no platform

there and the cars staying outside." At another stage
of the examination in referring to his alighting from the
cars he said: "I pick up and I look there and seen
the light on the platform on the front and I walked a
little sidewards. The depot is south and I walked a
square over." He also testified that there was a plat-
form on the side on which he alighted but that it did
not extend as far as the rear end of the train; that if
he had got out at the front door of the car he would
have alighted on the platform; that after he alighted
he saw the platform fifteen or twenty feet ahead of
him. He was a resident of Philadelphia, and there is
nothing in the case to show that he was not familiar
with the situation of the station and the means of exit.
He does not allege that the place on which he alighted
was unsuitable for that purpose nor that there was any
obstruction to prevent him from going along the lighted
platform which he saw and thus leaving the station.
The evidence is uncontradicted that he was struck about
700 feet west of the west end of the train shed, that he
was put onto the incoming train by which he was hurt
and brought into the station. Several witnesses testify
to this and there is not the slightest reason for doubting
their credibility in the absence of any contradiction.
The plaintiff gives no explanation of his conduct in
going in an opposite direction from that which would
take him out of the station. A period of six or seven
minutes elapsed between the time he got off the train
and the time when he was struck. It may be that he
was confused in getting off the train and that he went
in the wrong direction, but this fact would not subject
the company whose locomotive struck him to the
charge of negligence, for the evidence shows clearly
that he stepped onto the track a very short distance in
front of the train. The company which brought him
to the station had a right to assume that he possessed
ordinary intelligence and that he would exercise the
judgment necessary to take care of himself taking into

consideration the conditions surrounding him as a traveler. We fail to discover in the whole evidence such a state of facts as would justify a verdict in favor of the plaintiff.

The judgment is affirmed.