# McCarthy v. Shoneman, Appellant.

*Negligence—Master and servant—Risk of employment—Reasonably safe method of construction.*

An employer is not bound to make use of the very latest and best methods of construction, but may conduct his business in his own way, even though it be more hazardous than some other methods that might be devised. So long as the premises are reasonably safe, and the situation is apparent, upon inspection, the employee takes the risk, if he enters the employment.

In an action by an employee against his employer to recover damages for personal injuries sustained by slipping on clay steps in defendant's cellar, it appeared that the passageway in which the accident occurred was constructed by cutting away the solid earth, leaving clay steps and a clay formation upon which to walk. The steps were somewhat irregular, and of a higher rise than is usual. Plaintiff's averment that the steps were wet and slippery was supported only by his own statement that when he arrived at the hospital his trousers were wet and muddy. Eight or nine witnesses for the defendant testified that the steps and floor were not wet or muddy. The passageway was lighted by one incandescent electric light, which was near the step on which plaintiff slipped. It did not appear that the plaintiff stumbled over any obstruction; he simply slipped. He had been through the passage three or four times shortly before the accident. *Held* that the evidence of defendant's negligence was not sufficient to submit the case to the jury.

Argued Jan. 15, 1901. Appeal, No. 97, Jan. T., 1900, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1899, No. 610, on verdict for plaintiff in case of Patrick Joseph McCarthy v. Shoneman Brothers, Incorporated. Before Mc-Collum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass for personal injuries. Before Beitler, J.

Plaintiff in his statement averred that on April 18, 1899, while in the discharge of his duties as employee of defendant, he had fallen in the cellar of defendant's store, and received permanent injuries to the knee cap of his left leg, by reason of the alleged negligence of defendant, in that defendant "negligently and carelessly suffered and permitted said cellar floor and the clay steps leading to the clay portion of said cellar floor, to be and remain in a wet, damp, slippery condition, and unsafe and

dangerous to walk upon, and the cellar so poorly lighted that the said plaintiff could not observe the dangerous condition of said floor and steps."

The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant's points among others were as follows:

3. There is no evidence in this case sufficient to justify a finding by the jury that either the stairway or passageway in question was defective or dangerous, and the verdict should, therefore, be for the defendant. *Answer* : Refused. [1]

6. Under all the evidence in this case your verdict must be for the defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* among others were (1, 3) above instructions, quoting them.

*Lincoln L. Eyre* and *John G. Johnson*, with them *William Jay Turner*, for appellant.—There was not sufficient evidence of any negligence on the part of defendant causing the accident to entitle the jury to find for the plaintiff, and the court should have given binding instructions for defendant: Cauffman v. Long, 82 Pa. 72; Howard Express Co. v. Wile, 64 Pa. 201; Ford v. Anderson, 139 Pa. 261; Holland v. Kindregan, 155 Pa. 156; Moules v. Del. & Hudson Canal Co., 141 Pa. 632; Pittsburg, etc., R. R. Co. v. Sentmeyer, 92 Pa. 276; Mensch v. Penna. R. R. Co., 150 Pa. 598; Boyd v. Harris, 176 Pa. 484; Sykes v. Packer, 99 Pa. 465; Wanamaker v. Burke, 111 Pa. 423; Bradbury v. Kingston Coal Co., 157 Pa. 231.

Defendant was entitled to binding instructions because of lack of evidence of notice to defendant of alleged defects in the passageway: McAvoy v. Penna. Woolen Co., 140 Pa. 1; Mensch v. Penna. R. R. Co., 150 Pa. 598; Mixter v. Imperial Coal Co., 152 Pa. 395.

*D. Webster Daugherty*, for appellee.—The master owes to his servant the duty of providing a reasonably safe place in which to work and reasonably safe appliances with which to do the work: Tissue v. Baltimore & Ohio R. R. Co., 112 Pa. 91; Higgins v. Fanning & Co., 195 Pa. 602; Trainor v. Phila. &

Reading R. R. Co., 137 Pa. 148; Ross v. Walker, 139 Pa. 48; Rummel v. Dilworth, 131 Pa. 509; Kehler v. Schwenk, 151 Pa. 518; Sherman & Redfield on Negligence, sec. 92.

OPINION BY MR. JUSTICE POTTER, March 18, 1901:

The storerooms of the defendants are not all upon the same level. One department, in the basement, is connected with another, by means of a small passageway, which includes three steps and a very gradual incline. The passageway and steps were constructed by cutting away the solid earth, leaving a clay formation upon which to walk. The plaintiff contends that it was negligence to make use of clay, or the natural earth, for this purpose, and that stone, wood or cement, should have been used. This claim cannot be sustained. So long as the premises were maintained in a reasonably safe condition, the defendants had the right to use their own judgment, as to the material, and the method of construction, employed. The steps in this case, were perhaps somewhat irregular and of a higher rise than is usual. But the passage had been in use for several months, there was nothing intrinsically dangerous about it, and any irregularity in it, would be discovered by an employee the first time he passed over it. The plaintiff had used the passage three or four times, on the morning before the accident, and must have observed the situation. The exercise of ordinary care would afford all the protection needed, in this respect. It is thoroughly well settled that an employer is not bound to make use of the very latest and best methods of construction, but may conduct his business in his own way, even though it be more hazardous than some other methods, that might be devised. So long as the premises are reasonably safe, and the situation is apparent, upon inspection, the employee takes the risk, if he enters the employment. Under the evidence in this case, the jury were not at liberty to find that some other method of construction should have been adopted, and a recovery for the plaintiff upon that ground, cannot be permitted. Negligence was also charged in allowing the clay to become damp and slippery at the time of the accident. But the only evidence in support of this averment, was the plaintiff's statement, that when he arrived at the hospital, his trousers were wet and muddy. He does not say that he examined the floor, and found

it wet, or slippery, at the time of the accident, nor does any other witness testify to this fact for him. It is too much to ask that an employer be found guilty of negligence, upon a mere conjecture ; particularly when as in this case, the testimony of some eight or nine witnesses for the defendants, positively negatived this conjecture. Even if the floor were damp at the time, for all that appears in the evidence, it may have been but temporarily so, owing to the spilling of water or some such transient cause. The burden of proving negligence is upon the plaintiff, and unless he does so, he fails in his case. The fact that the plaintiff's trousers were wet, and muddy, upon his arrival at the hospital, is not of itself, a sufficient basis from which to allow the jury to draw an inference of negligence against the defendants. But one other allegation remains, and that is as to the sufficiency of light in the passage. The area was small, and it was lighted by one incandescent electric light. The plaintiff was not passing through for the first time when he fell. He had been through three or four times, shortly before, and no complaint was made by him, or by any other employee, as to the sufficiency of the light. It is always the duty of an employee to exercise care to protect himself. He is just as much under obligation to provide for his own safety, from such danger, as is known to him, or as may become apparent to him by ordinary care on his part, as the employer is to provide for him. He must not go blindly to his work. In this case, the light was near the step, upon which the plaintiff says he slipped. Knowing the situation, if there was not sufficient light to enable him to pass safely, he should have made complaint. But he did not. As a matter of fact, it does not appear that the accident was due to any lack of light. The plaintiff did not, according to his story, stumble over any obstruction. He simply slipped. This is a common occurrence, liable to happen anywhere,—upon any kind of a floor or pavement.

In cases of this character, it is not sufficient to produce evidence from which negligence upon the part of the defendants may be inferred. The testimony must be such, that from it, the jury may reasonably and properly conclude that there was negligence. In this case, that requirement is not met. The defendants were, therefore, entitled to binding instructions in their favor. The first and third assignments of error are sustained, and the judgment is reversed.