200    148
203   4635
203   4637
d 19 SC 4282
20 SC 5333
e 20 SC 4615

200    148
206   3624

200    148
e 26 SC 2 9

200   148
211  3158
211  4159
27 SC 4568
27 SC 3569

200  148
41SC3 8

## Wiest *v.* Electric Traction Company, Appellant.

*Negligence—Damages—Parent and child—Prospect of inheritance.*

An expectation of inheritance is not properly one of the elements of loss to children, in a negligence case for the loss of a parent, and should not be allowed to enter into the question in any way whatever.

*Negligence—Actions—Joint tort feasors—Practice, C. P.*

In an action for negligence, joining several parties as defendants, without regard to the question of the tort being joint, is not a practice to be commended.

Where a plaintiff in an action of trespass to recover damages for negligence, declares for a joint tort and the evidence shows no joint action by defendants, a verdict and judgment against one defendant for a separate tort should not be permitted.

It is not necessary to sue all the parties guilty of committing a tort, for joint wrongdoers are liable jointly and severally.   And, where a joint suit is brought against a number of defendants, if the evidence shows that one of the parties was not connected with the tort, a verdict or nonsuit, as to him, is proper.   A joint verdict may then be rendered against such of the defendants as are jointly liable.   But, if no concert of action is shown and, therefore, no joint tort, and the case is one of separate tort or torts, upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against any one.   In a suit for a joint tort there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved, in order to sus-

tain the action. The allegation and the proof must agree in cases of tort, as in other cases. Per POTTER, J.

To entitle a plaintiff to a verdict against several defendants as joint trespassers, it must appear that they acted in concert in committing the trespass complained of.*

In an action to recover damages for personal injuries caused by the obstruction of a highway with a rail, it is improper to join the city with the street railway company, and the contractors who were laying the tracks.

Argued April 4, 1901. Appeal, No. 54, Jan. T., 1901, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 602, on verdict for plaintiff in case of Anna Maria Wiest v. City of Philadelphia, the Electric Traction Company, Appellant, and John W. Hoffman and Ernest Law, trading as John W. Hoffman & Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before AUDENRIED, J.

At the trial it appeared that on June 24, 1894, plaintiff's husband fell over a girder rail lying in a gutter, and received injuries from which he subsequently died. The accident occurred in the evening. J. W. Hoffman & Company were contractors engaged in laying tracks for the Electric Traction Company. The court instructed the jury that there could be no verdict against J. W. Hoffman & Company, and submitted to the jury the question of the negligence of the Electric Traction Company.

Verdict and judgment against the Electric Traction Company for $5,000 and in favor of the city of Philadelphia and J. W. Hoffman & Company. The Electric Traction Company appealed.

*Errors assigned* were (1) the portion of the charge as to damages, quoted in the opinion of the Supreme Court ; (2, 3) in submitting to the jury the question of negligence of the Electric Traction Company ; (4) in giving binding instructions in favor of J W. Hoffman & Company.

*Thomas Leaming*, with him *Charles Biddle*, for appellants.—

* See Howard v. Union Traction Co., 195 Pa. 391.

Damages for the loss of a parent are not to be determined by the possibility of the parent accumulating an estate for the child to inherit.

The Electric Traction Company had made a written contract with J. W. Hoffman & Company to construct in the street an electric street railway line.    That such an independent contract may relieve a railway company of liability for accident occasioned by the contractor's negligence is not a matter of doubt under the decisions of this court: Painter v. Pittsburg, 46 Pa. 213; Wray v. Evans, 80 Pa. 102; Erie v. Caulkins, 85 Pa. 247; Harrison v. Collins, 86 Pa. 153; Smith v. Simmons, 103 Pa. 32; Chartiers Valley Gas Co. v. Lynch, 118 Pa. 362; Thomas v. Altoona, etc., Electric Ry. Co., 191 Pa. 361.

*Thomas R. Elcock,* with him *J. Peter Klinges,* for appellee.— The jury were to determine the pecuniary injury sustained by the surviving relatives : Huntingdon, etc., R. R. Co. v. Decker, 84 Pa. 419; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Lehigh Iron Co. v. Rupp, 100 Pa. 98; Schnatz v. Phila. & Reading R. R. Co., 160 Pa. 602.

The employees of the traction company placed the rail in the position where it occasioned the accident.

The cases, from Painter v. Pittsburg, 46 Pa. 213, to Thomas v. Altoona, etc., Electric Ry Co., 191 Pa. 361, have no application to this case, because in those cases the injury arose from the direct action of the contractor, and the principal was accordingly not held.

When an action is brought against more than one for a wrong done, in order to recover against all a combination or joint act of all must be proved.    If it turn out on the trial that only one was concerned, the plaintiff may recover, as if such one had been sued alone: Laverty v. Vanarsdale, 65 Pa. 507 ; Huddleston v. Borough of West Belleview, 111 Pa. 110 ; Borough of Brookville v. Arthurs, 130 Pa. 501 ; Gates v. Penna. R. R. Co., 150 Pa. 50.

OPINION BY MR. JUSTICE POTTER, July 17, 1901 :

In that portion of the charge which is assigned as error in the first specification, the learned court below said :

" The loss to the children, of course, was one from whom

they might expect some inheritance, if you think the business was such as to warrant them in that hope."

This statement presented to the consideration of the jury an element in measuring the damages, which is extremely vague. The possibility of accumulating an estate by the decedent was very remote. The testimony did not show any accumulation up to the time of his death, and, whether or not he could have succeeded in gathering more than would have provided for his own wants during the remainder of his life, was purely conjectural. If the subject were considered at all by the jury in making up the verdict, it could only result in confusion and speculation. An expectation of inheritance is not properly one of the elements of loss to children, in a case of this kind, and should not be allowed to enter into the question, in any way whatever. The first specification is sustained.

Another question was pressed in the oral argument at bar, which may be considered in connection with the remaining assignments of error. It grows out of the fact which is disclosed by the record, that this action was brought jointly against the city of Philadelphia and the Electric Traction Company, and the firm of J. W. Hoffman & Company, under the allegation that they are all jointly liable for damages to the plaintiff. The defendants are all sued as joint tort feasors, evidently under the idea of a community of interest and a concurrent responsibility. Recovery was had, however, against one of the defendants only, as the evidence failed to show that the act complained of was joint.

This case is an illustration of a practice which is not to be commended. Joining several parties as defendants without regard to the question of the tort being joint, does, no doubt, relieve the plaintiff of the responsibility of finding out, before beginning his action, who is justly chargeable with the wrong causing the injury, as it leaves that question to be developed at the trial. The plaintiff may profit by the contention which naturally arises among the defendants, in which each seeks to charge the other. But such a course does not tend to an orderly trial, nor the attainment of justice.

It is hardly asking too much of a plaintiff that, before setting the machinery of the law in motion, he be so sufficiently sure of the facts as to know whether the injury for which he

complains was a separate act of one party, or a joint act of two or more.

"If, in legal consideration, the act complained of . . . . can only be considered the tort of the actual transgressor, or the distinct tort of each, a separate action against the actual wrongdoer only, or against each, must be brought:" 1 Chitty's Pleading, 97.

We are aware that it is thought that the effect of a misjoinder may be cured by taking a verdict against one defendant only; and authority is not lacking to support this view. But this remedy is not adequate. The mischief in unwarrantably joining as defendants parties who are not, in fact, joint wrongdoers, is, in the confusion and disorder resulting at the trial, and the increased difficulty in arriving at a just verdict.

It is not necessary to sue all the parties guilty of committing a tort; for joint wrongdoers are liable jointly and severally. And, where a joint suit is brought against a number of defendants, if the evidence shows that one of the parties was not connected with the tort, a verdict or a nonsuit, as to him, is proper. A joint verdict may then be rendered against such of the defendants as are jointly liable. But, if no concert of action is shown, and, therefore, no joint tort, and the case is one of separate tort or torts, upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against any one. In a suit for a joint tort there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved, in order to sustain the action. The allegation and the proof must agree in cases of tort, as in other cases.

The defendants themselves often seem to overlook the importance of raising for decision the question whether, in point of fact, the particular case is one of joint tort. Turton v. Powelton Electric Co., 185 Pa. 406, is an instance. The evidence showed separate acts of the defendants, and no ground for contending that there was any joint tort. Yet the defendants apparently accepted the tort as alleged; that is, as if joint, and argued upon that theory, and the decision seemingly went upon the same assumption.

The rule by which to determine whether or not a tort is joint, is clearly set forth in such cases as Bard v. Yohn, 26 Pa. 482,

where one of the defendants left vehicles standing along one side of a street, and another defendant placed his wagon and horses upon the opposite side, thus narrowing the passageway for the public. In thus obstructing the highway, each was acting for his own accommodation, and without concert with the other. A person walking along the street, who was thus compelled to pass near the horses' heels, was kicked and thrown over against an opposite vehicle. The declaration charged the defendants as joint wrongdoers. It was held that proof of separate acts, not committed with a common design or for a common purpose, and without concert, will not authorize a joint recovery, and that, " to entitle a plaintiff to a verdict against several defendants as joint trespassers, it must appear that they acted in concert in committing the trespass complained of." This language was quoted with approval by Judge AGNEW, in Leidig v. Bucher, 74 Pa. 67.

In this latter case there is a recognition of the practice of attempting to cure the error of a joint action, by allowing the jury to find verdicts against the defendants severally, by the plaintiff immediately electing as to whom judgment shall be entered against, and the entering of a nolle prosequi as to the others. But the inadequacy of this course is pointed out in the following language, from the latter part of the opinion :

" As a matter of principle, it is not proper to join defendants in the same action who have not conspired together, or joined in committing the wrong complained of. Their degrees of guilt are rarely the same. One should not suffer from the prejudice existing against the other, nor should the damages against him be aggravated by the odium attaching to the worse conduct of the others, and neither should bear the increased accumulation of costs caused by the testimony brought against all. As a matter of plain justice, where there is no concert or· joint action, each should respond for his own wrong only."

In Little Schuylkill Navigation R. R. & Coal Co. v. Richards, 57 Pa. 142, there is an instructive discussion of the subject. A dam was filled by deposits of coal dirt from different mines on the stream above the dam, some worked by defendants and their tenants, and others by persons entirely unconnected with the defendants. Held, that the liability of the defendants began with their act, on their own land, and was wholly separate

and independent of concert with others.  Their tort was several when committed, and did not become joint because its consequences united with other consequences.

Gallagher v. Kemmerer, 144 Pa. 509, was a case similar in character.  It was held, that where an injury as a whole to lands is the consequence of independent acts of trespass on the part of two or more persons, each act is a distinct cause of action for the portion of the injury resulting from it, and together they do not constitute a joint trespass.  The liability of the defendants for injury to plaintiff's lands, in consequence of the accumulation thereupon of refuse and waste from defendant's coal breaker carried down a stream thereto, began with their own act on their own land; and, being independent of the acts of the other operators, it was several when committed, and did not become joint because the general consequences were united.

Klauder v. McGrath, 35 Pa. 128, presents an instance of a clear case of joint tort.  The action was brought to recover damages for personal injuries, sustained by the plaintiff by rea-son of the falling of a party wall, erected on the dividing line between two lots owned by the defendants, in consequence of their negligence in wrongfully permitting it to remain standing, although it was old, dilapidated, and out of repair.  STRONG, J., delivering the opinion, said: "The basis of the action was the negligence of the defendants.  It is contended now that they could not be held jointly liable.  The maintenance of an insecure party wall was a tort in which they were both participants.  The act was single, and it was the occasion of the injury to the plaintiff.  It is difficult to see how both were not liable, and liable jointly.  The case is not to be confounded with actions of trespass brought for separate acts done by two or more defendants.  Then, if there has been no concert, no common intent, there is no joint liability.  Here the keeping of the wall safe was a common duty, and the failure to do so, was a common neglect."

In the present case it is alleged in the declaration that the city of Philadelphia is liable because of its failure to keep the highway free and clear of obstruction.  That the Electric Traction Company is liable because it negligently permitted a rail to be so placed as to obstruct the highway, and cause the accident, and that the firm of Hoffman & Company, the contractors,

are chargeable because they acted jointly with the traction company in placing an obstruction on the highway, and allowing it to remain there, thus causing the accident. It was clearly wrong to sue the city jointly with the other defendants, because the measure of its responsibility is entirely different. Its liability is secondary, and not primary: Dutton v. Borough of Lansdowne, 198 Pa. 563. The evidence produced at the trial showed that there was no concert of action between the traction company, and the other defendant, Hoffman & Company. The duty of each was distinct, and of a different nature. For its own breach of duty, each was liable separately, and they should not have been sued jointly. It is true that a verdict was rendered, and judgment was entered, against one defendant only, but we are not satisfied that this corrects the error. There are cases seemingly to this effect, such as Weakly v. Royer, 3 Watts, 460, but there the plaintiff was permitted, without objection, to give evidence of separate trespasses. And in Chambers v. Lapsley, 7 Pa. 24, the question of the necessity of agreement between the allegata and probata does not seem to have been raised.

Laverty v. Vanarsdale, 65 Pa. 509, was an action of conspiracy, and that decision is referable to that class of cases. Collins v. Cronin, 117 Pa. 35, Rundell v. Kalbfus, 125 Pa. 123, and Fillman v. Ryon, 168 Pa. 484, are similar in character.

These cases do not, we think, when rightly understood, justify the practice, of joining as defendants, in suits for negligence, every one, against whom any ground of liability seems to exist, without regard to the question of whether the case is really one of joint tort.

We are of opinion that, where a plaintiff in an action of trespass to recover damages for negligence, declares for a joint tort, and the evidence shows no joint action by defendants, a verdict and judgment against one defendant for a separate tort should not be permitted.

The judgment is reversed, and a venire facias de novo awarded.