# Sturzebecker, Appellant, v. The Inland Traction Company.

*Negligence—Joint tort feasors—Street railways—Amendment.*

When suit is brought against two defendants for joint negligence, there can be no recovery upon the joint action, where it appears that there was no community of fault by the two defendants in the act which occasioned the injury. In such a case the plaintiff may, at the trial, amend his statement and proceed against the party liable under the proofs adduced, subject to the defendants' right to plead surprise. If no amendment is made the court will enter a nonsuit.

Argued Jan. 30, 1905. Appeal, No. 159, Jan. T., 1904, by plaintiff, from order of C. P. Montgomery Co., June T., 1903, No. 11, refusing to take off nonsuit in case of Annie H. Sturzebecker v. The Inland Traction Company and The Philadelphia and Lehigh Valley Traction Company. Before MITCHELL, C. J., DEAN, FELL, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for injuries to land.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Henry Freedley*, with him *A. R. Place*, for appellant.

*N. H. Larzelere*, for appellees.

OPINION BY MR. JUSTICE POTTER, March 6, 1905:

Two defendants, The Inland Traction Company and The Philadelphia and Lehigh Valley Traction Company, were here sued as joint tort feasors. The statement alleges that The Inland Traction Company located and constructed a trolley railway in front of and over the lands of the plaintiff, and " about the time of the said construction, leased to or in some other manner unknown to the plaintiff, merged with the said defendant The Philadelphia and Lehigh Valley Traction Company, and thereafter by virtue of said merger, operated the said railway."

The plaintiff complains of injury from two cases : First, from

the construction, and, second, from the operation of the railway. By the construction, she says the defendants broke down, destroyed and blocked her drain pipes, resulting in the flooding of her greenhouse. By the operation of the railway and the rumble and jar of the passing cars, she alleges that her greenhouse is shaken and the glass therein broken; also that electricity escapes and charges the heating pipes.

Upon the trial, at the close of the plaintiff's testimony, judgment of compulsory nonsuit was entered. In his opinion refusing to take off the nonsuit, the trial judge says that there was not a particle of proof that there had been any lease or merger between the two companies, nor was there any evidence that The Philadelphia and LehighValley Traction Company had done any act or thing of which plaintiff complained. Our reading of the testimony bears out this statement of the trial judge. The case seems to be absolutely bare of any evidence of any concert of action between the two defendants. It is stated by counsel for appellee in his argument, that when the motion for a nonsuit was made in the court below, the trial judge reminded counsel for appellant of his right to amend his declaration, and proceed against one or the other of the defendants separately. But the suggestion was not accepted and the appellant insisted upon standing upon the statement and the evidence as they were. There is no apparent reason for the position thus taken by the plaintiff. It would seem to be a work of supererogation to review the decisions in which we have held that when a joint tort is alleged in the declaration, a joint tort must be proved, in order to sustain the action. But the fact that this appeal is now before us, indicates that it may be useful to again call attention to what has been decided in Pennsylvania, with reference to this point.

Beginning with Howard v. Union Traction Co., 195 Pa. 391, we pointed out, that when suit is brought against two defendants for joint negligence, there can be no recovery upon the joint action, where it appears that there was no community of fault by the two defendants in the act which occasioned the injury. As we then stated, the opinion of the court below in that case, by Judge BEITLER, " contains a very clear and forcible exposition of the whole subject and a sufficient reference to the authorities which control the question."

Then coming down the line, in Dutton v. Lansdowne Boro., 198 Pa. 563, we said: "But where the declaration is for a joint tort, and the case goes to the jury as against both defendants, if under such circumstances the evidence fails to show that the defendants were joint tort feasors, it is error to permit a recovery against one or both. Such a case would show, not a mere misjoinder of parties, but a misjoinder of causes of action."

The evil of joining promiscuously in an action different defendants without regard to the lack of concerted action among them, is thus noted in Wiest v. Electric Traction Co., 200 Pa. 148: "This case is an illustration of a practice which is not to be commended. Joining several parties as defendants without regard to the question of the tort being joint, does, no doubt, relieve the plaintiff of the responsibility of finding out, before beginning his action, who is justly chargeable with the wrong causing the injury, as it leaves that question to be developed at the trial. The plaintiff may profit by the contention which naturally arises among the defendants in which each seeks to charge the other. But such a course does not tend to an orderly trial, nor the attainment of justice."

In Hart v. Allegheny County Light Co., 201 Pa. 234, suit was brought against an electric light company and a telephone company jointly. We said: "This action was brought against two defendants as joint tort feasors. The evidence failed to show any concert of action, or any joint trespass, by the defendants, and under the principle of Wiest v. Electric Traction Co., 200 Pa. 148, a separate recovery should not have been allowed against one defendant in the absence of the proper amendments to the pleadings. The point should, however, have been brought to the attention of the court at the trial."

The language of a portion of the opinion in Wiest v. Electric Traction Co., 200 Pa. 148, is qualified or explained in Rowland v. Phila., 202 Pa. 50 as follows (p. 51): It was not intended to intimate that a mistake in bringing a joint action could not be cured by proper amendment. The thought was not fully developed, but the conditions presented emphasized the necessity for amendment. In saying that 'where a plaintiff in an action of trespass to recover damages for negligence declares for a joint tort, and the evidence shows no joint action by the defendants, a verdict and judgment against one defend-

ant for a separate tort should not be permitted,' the statement stopped short of a repetition of the familiar principle alluded to in the earlier part of the same opinion that the allegations and the proofs must agree."

Under the circumstances referred to, the obvious method of bringing about this result, the proof being already in, is to amend the declaration, changing it from one charging a joint tort, to one for a several liability. " The right to such an amendment could hardly be questioned. For whether the tort was joint or not, the defendant was liable to a separate action, for the reason that even in case of a joint tort, the liability is both joint and several; it is not apparent, therefore, how under any circumstances the defendant could be harmed by the allowance of the amendment. The cause of action, which is the alleged negligence of the defendant, remains identically the same. His position becomes practically the same as though a separate action had been brought in the first instance, and to this he had always been liable." " But the allowance of the amendment carries with it the customary right of the defendant to plead surprise, and should fairly entitle him to the benefit of a continuance. This would enable him, when the case comes up for trial, to meet it upon the evidence against himself alone and freed from the embarrassment of codefendants, with whom he should never have been joined. While the granting of a continuance would as in other cases, rest in the sound discretion of the trial judge, yet its allowance would under such circumstances seem to be so manifestly proper as to make it the rule. This would provide a remedy for the mischief referred to in Wiest v. Electric Traction Co., 200 Pa. 148 and would prevent the cumulation upon one defendant of the effect of the testimony offered against all." And again in Minnich v. Lancaster, etc., Electric R. R. Co., 203 Pa. 632, a case in its facts similar to the one at bar, this court said : " Where in an action of trespass a joint tort is alleged, it must be proved, and if the proof is only of a tort by one defendant, or of two torts by different defendants, the action cannot be sustained against any of them. In such case the plaintiff may amend his declaration and proceed against the party liable under the proofs adduced, subject to the defendant's right to a continuance."

In Goodman v. Coal Township, 206 Pa. 621, after citing

most of the foregoing cases, we said : " There can be no doubt, under the above authorities, that the torts here complained of were separate, not joint. Neither under the facts as set forth in the plaintiff's statement nor as shown upon the trial was there any concert of action apparent between the township and the railway company. Upon the record as it stood at the time of the trial, and upon the plaintiff's evidence, no verdict could have been properly rendered against anyone, and the defendants were entitled to binding instructions in their favor."

In the case at bar, as the appellant alleged a joint tort, and failed entirely to prove any concert of action between the defendants, his case was at an end as his pleadings then stood. He might have amended his declaration and proceeded against one or the other defendant for separate torts, but this counsel declined to do. Nothing then remained for the trial judge but to enter a judgment of nonsuit.

The assignments of error are overruled and the judgment is affirmed.