# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Savings Deposit Bank *v.* Reynier, Appellant.

*Carriers—Bill of lading—Negotiable bill—Evidence—Paper-books.*

On an appeal where the issue in the court below was as to the negotiability of a bill of lading, the appellate court will assume that it was negotiable, where the appellant fails to print the bill in the paper-book, and one of the witnesses testifies that the consignment was to the consignor's own name, "notify" another, and that the person to be notified could not obtain title to the consignment until he lifted the draft accompanying the bill of lading.

*Conspiracy—Joint wrong—Parties—Pleading—Evidence—Judgment.*

Where a plaintiff declares against two or more persons averring a joint tort, he must prove a joint tort, and cannot recover upon evidence showing a tort by a single person, or several distinct torts by as many distinct persons.

Where a joint tort is charged against several persons there cannot be a verdict against a single person.

When three or more persons are charged as joint tort feasors, the plaintiff must prove a joint tort, that is, that two or more of the defendants have been guilty of the unlawful act charged, but his right to recover is not dependent upon his proving that all of the defendants are guilty; he may recover, if the evidence warrants it, against any two or more of the defendants, even although his proofs fail as to the others and the verdict is in favor of the latter.

Argued April 16, 1909. Appeal, No. 125, April T., 1909, by defendants, from judgment of C. P. No. 4, Allegheny Co.,

No. 420, Fourth Term, 1907, on verdict for defendants in case of Savings Deposit Bank Company v. J. H. Reynier, Carl W. Wiley, J. J. Sweeney, J. J. Boyce and H. W. Joynes.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.  Affirmed.

Trespass to recover the value of a carload of potatoes and hay.

COHEN, J., charged as follows:

As you have heard, this is a suit brought by the Savings Deposit Bank Company against Reynier and others to recover the value of certain potatoes and hay shipped by a man named O. J. Kean to Mr. Joynes, for which Kean received a bill of lading, which, you are advised by the testimony, he transferred to the plaintiff bank.

Reynier and Wiley brought this attachment, and if you can find from the evidence that they knew or should have known, from circumstances in their possession, that the title to this property was not to have passed until the amount of the purchase money was paid, then the defendants are liable to the plaintiffs for the amount of $191.79.

I say to you as a matter of law, that the constable had no power and no authority, after he had attached these goods, to sell them, for the very act of assembly under which these proceedings were had before the alderman, says that the non-resident whose goods are attached here shall have thirty days within which to defend the judgment that has been rendered against him, and that a scire facias (that is, a new proceeding after the original proceeding) shall be issued and that the defendant, besides this remedy, may take an appeal to the court of common pleas.  And there was an appeal taken in this case.  So that, if the goods were sold in manner and form as indicated by the evidence I say to you they were sold without legal authority; that the requirements of the act of assembly had not yet been sufficiently complied with to justify such a sale and that if Mr. Joynes, who took possession of these goods and sold them, knew that Reynier and Wiley had issued

this attachment—if he knew, and it is for you from all the evidence to say whether he did—if he knew that before possession passed that the goods had to be paid for; if he had received that notice, he had no legal right to sell those goods.

As to Alderman Sweeney in this case. The moment the goods had been attached under and by virtue of his writ of attachment issued, he should have taken no further proceedings except by the issuing of a scire facias, as required by the act of assembly. Nevertheless, I am of opinion that what the alderman did he did within his jurisdiction as an alderman, he did within the line of his duties confided to him by the plaintiffs in that suit, and that, therefore, having received no notice such as was required by the act of assembly of 1772 which has been cited to you, that therefore this action cannot be maintained as against Alderman Sweeney, but that you will consider the case as against all the other defendants and return a verdict, if you find that there was an illegal combination; that each one had done an illegal act and that they had done it conjointly for the purpose of committing a fraud against this bank,—if you find such to be the case, gentlemen, you may find a verdict as a matter of law against all the other defendants, naming them, except Alderman Sweeney.

The constable had no right to sell these goods whatsoever in the way in which he sold them. If the goods were perishable—which fact is for you to determine from all the evidence—even though they were, he should have gone into the court of common pleas with a petition stating the case and asking permission to sell the goods. It was his duty to hold these goods for the period of time designated by the act of assembly. He did not do it. Therefore, gentlemen, if you find the facts to be as indicated by me against the other defendants you will render a verdict against them for the total proceeds of the sale of the potatoes and hay, less the charges, to wit, $191.

If you render a judgment against the defendants you must designate them. If you find in favor of the defendants you simply say you find in favor of the defendants.

The case is with you.

Upon request of counsel for defendants an exception was noted and bill sealed.

The jury having asked for further instructions, the court delivered the following additional charge:

Gentlemen of the jury: One of the defendants, being the alderman, Sweeney, is not liable in this case because, although he did not follow the legal requirements, nevertheless he cannot be held liable unless he received a notice before suit was brought against him under the act of assembly in 1772, therefore that defendant is out of the question.

The other two defendants, who are the plaintiffs in the attachment proceedings before the alderman, Reynier and Wiley, are liable individually, because it appears from the evidence in this case that there is nothing recorded, as the law requires, showing that they are a corporation. Therefore, they are liable individually, these two men, if they had knowledge that O. J. Kean had no title, and if they had no such knowledge they are liable, inasmuch as the goods attached and sold, for which they received the proceeds, were not legally sold because no scire facias was issued and no time was given to the defendants in the writ to appear before the alderman and offer his defense. Therefore Reynier and Wiley are liable individually because they are not incorporated so far as we are concerned, if they had knowledge that this man in Ohio had no title, that he had already passed his title to the bank. And further, if they had no such knowledge, I say to you, they are liable inasmuch as the goods attached and sold and for which they received the proceeds were not legally sold because no scire facias was issued. I will repeat this so you will understand it.

The constable, Boyce, is liable. He had no right to sell these goods, under the provisions of the act of assembly on which this attachment is grounded. He had a right to keep them until the defendant had failed either to take an appeal or to enjoy the benefits given to him under that act of assembly.

As to Mr. Joynes: he is liable if he knew that the goods had been transferred from Kean to the bank. Not other-

wise, because he did not enjoy the benefits of that sale.  He had no right to sell the goods as a commission man and to take a commission for selling them.  So that I have described the relation of each particular defendant in this case to the plaintiff; but if you should find further, from any evidence submitted to you, that there was a design or an undertaking or conspiracy between the whole lot of them to do that which the law prohibited, or to do a thing in an unlawful manner by which the plaintiff would have been injured, then, gentlemen, they are all liable, and even Mr. Sweeney, in that case, whom I have told you is not liable for reasons given, would be liable if the whole gang of them, or rather, if all the defendants had agreed to co-operate together to do an un-unlawful act to the injury of this plaintiff.

Verdict and judgment against J. H. Reynier, Carl W. Wiley and J. J. Boyer for $202.  Said defendant appealed.

*Errors assigned* were in refusing instructions for defendants.

*W. J. O'Donnell,* with him *J. E. O'Donnell,* for appellants.— To recover damages in trespass caused by an alleged conspiracy between the defendants, the evidence of collusion need not be conclusive, but it must do more than merely raise a suspicion; it must lead to belief: Bank v. Tinker, 158 Pa. 17; Benford v. Sanner, 40 Pa. 9.

Where a joint tort has been alleged, a joint tort must be proved in order to sustain the action.  The allegation and the proof must agree in cases of tort as in other cases: Goodman v. Coal Township, 206 Pa. 621; Shaughnessy v. Pittsburg, 20 Pa. Superior Ct. 609.

Where the declaration is for a joint tort and the case goes to the jury as against both defendants, if under such circumstances the evidence fails to show that defendants were joint tort leasors it is error to permit a recovery against one or both.  Such a case would show not a mere misjoinder of parties but a misjoinder of causes of action: Dutton v. Borough of Lansdowne, 198 Pa. 563; Wiest v. Electric Traction Co., 200 Pa. 148; Minnich v. Lancaster, etc., Ry. Co., 203 Pa. 632; Sturzebecker v. Inland Traction Co., 211 Pa. 156.

There could have been no recovery in this case against Alderman Sweeney for the reason that plaintiff failed to serve the alderman with notice to tender amends as provided by the Act of assembly, March 21, 1772, 1 Sm. L. 364: Magnussen v. Shortt, 200 Pa. 257; Ross v. Hudson, 6 Pa. Superior Ct. 552.

*G. W. Williams,* with him *N. S. Williams* and *Albert J. Edwards,* for appellee, cited: Wiest v. Traction Co., 200 Pa. 148; Hart v. Allegheny County Light Co., 201 Pa. 234; Rowland v. Philadelphia, 202 Pa. 50; Goodman v. Coal Twp., 206 Pa. 621; McElroy v. Harnack, 213 Pa. 444.

OPINION BY PORTER, J., October 11, 1909:

This was an action of trespass brought by the plaintiff bank against J. H. Reynier, Carl W. Wiley, J. J. Sweeney, J. J. Boyce and H. M. Joynes. Issue was joined and the case went to trial as to all the defendants named. There was a verdict in favor of the defendants J. J. Sweeney and H. M. Joynes, and in favor of the plaintiff and against the other three defendants named. Judgment having been entered upon that verdict, the three defendants against whom that judgment was entered took this appeal. The first specification of error refers to the refusal of the court to affirm a point requesting binding instructions in favor of the defendants, and the second specification of error relates to the refusal of the court to enter judgment in favor of these appellants non obstante veredicto.

The appellants argue, under the first specification, that there was not sufficient evidence to warrant the submission to the jury of the question of the ownership by the plaintiff of the property which was the subject of the trespass. The evidence disclosed that one O. J. Kean shipped a carload of goods to Pittsburg, consigned to himself "notify H. M. Joynes." Kean made his own draft for the value of the goods upon H. M. Joynes, and by indorsement made the same payable to the plaintiff bank; he attached to said draft the bill of lading for the goods, which he also by indorsement assigned to the bank, and then sold the bill of lading and draft to the bank, for full value. This draft and bill of lading were offered in evidence,

but these appellants have not printed them in their paper-book. We cannot convict the court below of error by arbitrarily assuming that the bill of lading was not negotiable, without having the instrument before us. Joynes, one of the defendants, testified that the car was consigned to O. J. Kean, "notify H. M. Joynes," and that under the bill of lading the property belonged to the shipper until the draft was lifted; that he (Joynes) would have had to lift the draft before he was entitled to possession of the car. We must, from the manner in which the case is presented to us, assume that the bill of lading was negotiable and that the indorsement of it to the plaintiff bank passed the title in and right of possession to the goods.

The appellants have argued under the second specification of error that it was incumbent upon the court below to enter judgment in their favor, non obstante veredicto, for the reasons: (1) That the plaintiff in its statement alleged a joint illegal conspiracy, and failed to prove a joint conspiracy; and (2) under the law, where the declaration is for a joint tort, and the case goes to the jury against all defendants, there must be a recovery against all defendants and there cannot be a recovery against one or more. The statement of the plaintiff did charge a joint illegal conspiracy against all the defendants, but it charged, also, that all the defendants joined in certain specific unlawful acts, which resulted in depriving the plaintiff of its property. The evidence, if believed, was sufficient to sustain a finding as to these three appellants, that they had all actively participated in the specific unlawful acts charged in the statement, and that those unlawful acts resulted in depriving the plaintiff of its property. Proof of these unlawful acts, so charged in the statement, and that the necessary and natural result thereof was the loss by the plaintiff of its property was sufficient to sustain the action, without proving that the unlawful acts were the result of an agreement previously entered into between the defendants. The jury might reasonably be permitted to infer, from the proof that all the defendants had actually joined in the unlawful acts, that such joint action, which could only have one purpose, was the result of an agreement between the parties. When a plaintiff declares against

two or more persons averring a joint tort, he must prove a joint tort, and cannot recover upon evidence showing a tort by a single person, or several distinct torts by as many distinct persons. Where a joint tort is charged against several persons there cannot be a verdict against a single person. When three or more persons are charged as joint tort feasors, the plaintiff must prove a joint tort, that is, that two or more of the defendants have been guilty of the unlawful act charged, but his right to recover is not dependent upon his proving that all of the defendants are guilty; he may recover, if the evidence warrants it, against any two or more of the defendants, even although his proofs fail as to the others and the verdict is in favor of the latter: Wiest v. Traction Company, 200 Pa. 148; Sturzebecker v. Inland Traction Company, 211 Pa. 156; McElroy v. Harnack, 213 Pa. 444. The assignments of error are overruled.

The judgment is affirmed.