Mr. Justice Van Orsdel
delivered the opinion of the Court:
The sole question presented is one of law,—whether or not the court erred in permitting two separate and distinct verdicts to be rendered by the jury and be made of record in the same cause, neither of which verdicts, it is contended, comprised all of the issues involved in the trial of said cause. It is urged that by this action the court prejudiced the rights of the co-defendant, Capital Traction Company, in that the direction of the verdict in favor of the coach company was the equiva *33 lent of the direction of a verdict against the appellant company.
The right of the court to direct a separate verdict in favor of one of two codefendants at the conclusion of plaintiff’s evidence is a point on which there seems to be lack of uniformity in the authorities. The conflict is well presented by Mr. Justice Clifford in Castle v. Bullard, 23 How. 172, 16 L. ed. 424, as follows: “Courts of justice are not quite agreed as to what stage of the trial the party thus improperly joined in the suit may insist upon a verdict in his favor,-—-whether at the close of the evidence offered by the plaintiff in the opening, or whether he must wait until the case is closed for the defendants. Mr. Greenleaf regards it as the settled practice, that if, at the close of the plaintiff’s case, there is one defendant against whom no evidence is given, he is entitled instantly to be acquitted; and it must be admitted that the decision of the court in Child v. Chamberlain, 6 Car. & P. 213, 3 Nev. & M. 520, 5 Barn. & Ad. 1049, favors that view of the law. But Lord Denman held, in Sowell v. Champion, 6 Ad. & El. 415, 2 Nev. & P. 627, W. W. & D. 667, that the application to a judge in the course of a cause, to direct a verdict for one or more defendants in trespass, is addressed to his discretion, and that the discretion was to be regulated, not merely by the fact that, at the close of the plaintiff’s case, no evidence appears to affect them, but by the probabilities whether any such will arise before the whole evidence in the cause closes. There is, says the learned judge, so palpable a failure of justice, where the evidence for the defense discloses a case against a defendant already prematurely acquitted that such acquittal ought never to take place until there is the strongest reason to believe that such a consequence cannot follow. Some courts hold that the application in all cases is addressed to the discretion of the court. Brotherton v. Livingston, 3 Watts & S. 334; Davis v. Living, 1 Holt. N. P. 275. Other courts have held that where there is no evidence to affect a particular defendant in actions ex delicto against several, a separate verdict is demandable as a matter of right, and that a *34 refusal to grant the application is the proper subject of exceptions. Van Deusen v. Van Slyck, 15 Johns. 223; Bates v. Conkling, 10 Wend. 389.”
While the declaration in this instance is not as clear as it might have been, we do not think that it charges alone concurrent negligence, and is not therefore subject to the rule that where a declaration charges that an injury resulted from the concurrent negligence of two defendants, and the jury finds that it was caused by the negligence of but one, there is a fatal variance. Wiest v. Electric Traction Co. (Weist v. Philadelphia) 200 Pa. 148, 58 L.R.A. 666, 49 Atl. 891; Little Schuylkill Nav. R. & Coal Co. v. Richards, 57 Pa. 142, 98 Am. Dec. 209; Cleveland, C. C. & St. L. R. Co. v. Eggmann, 71 Ill. App. 42.
It will be observed that the declaration does not charge joint, concurrent, and disseverable acts of negligence, but that it charges each defendant with negligence independent of the negligent acts charged against the other. The declaration is so worded as to admit of a verdict against either or both of the defendants.
We think that, while it is a matter largely of discretion in the trial court, consideration should be given, before directing a verdict at the close of' the evidence offered by plaintiff, to the probable effect upon the remaining codefendants. If the action is one ex contractu, it is clear that the course here pursued might operate to enlarge the liability of the remaining defendants by depriving them of the right to enforce contribution in the event of a judgment against all. On the other hand, no reason is apparent for applying this principle to the case at bar. The action is ex delicto, and the defendants, had a joint judgment been rendered against them, would have been in the situation of joint tort feasors, with no right of action for contribution against each other. It is difficult to understand how appellant can be injured by the ruling. Its liability has not been increased. The jury was carefully instructed that before they could find against appellant, they should find that its negligence caused the accident, irrespective of whether the coach company was negligent or not. Since there was no contributing *35 negligence on the part of appellee, she was entitled to recover upon showing the fact that the accident was caused by the negligence of both or either of the defendants. She had the option of suing both or either of them, and had she elected to sue one, she could not have been compelled to make the other a defendant. The negligence of the one furnished no defense against the negligence of the other. They were as completely independent of each other as they would have been had they been defendants in separate suits.
Great caution should be exercised by a trial court before directing a separate verdict for one of several codefendants, and it ought never to be granted unless it clearly appears that there is no evidence to affect the party in whose favor it is made. Brown v. Howard, 14 Johns. 119.
We are not unmindful of the common-law rule that a jury by their verdict must find upon all the issues made by the pleadings. But we understand this rule to apply more particularly to verdicts that are either not responsive to the pleadings, or fail to find upon all the issues, or where the action is ex contractu against two or more joint defendants. Patterson v. United States, 2 Wheat. 221, 4 L. ed. 224. We are also aware that in some of the States, it has been held that when issue is joined upon the separate pleas of several defendants, the verdict must dispose of all the parties to the suit. Gulf, C. & S. F. R. Co. v. Renfro, — Tex. Civ. App. —, 69 S. W. 648; Jenkins v. Parkhill, 25 Ind. 473. But even in these instances, we find no sound reason urged against the court’s directing a verdict in tort in favor of a eodefendant at the termination of the plaintiff’s evidence, when it is clearly apparent that no injury can thereby be inflicted upon the remaining codefendant.
The judgment is affirmed, with costs, and it is so ordered.

Affirmed..