## Emergency Girls' Club.

*Corporations of first class—Contents of certificate—Act of April 29, 1874.*
1. Under the Act of April 29, 1874, P. L. 73, necessity is not one of the requirements of a corporation of the first class.
2. A certificate of incorporation is not defective, in that it fails to show how the membership of the proposed corporation is to be made up or continued.
3. The admission, expulsion, fining, assessment or rejection of members are proper subjects for the by-laws, and need not be included in the certificate.

Application for charter. C. P. York Co.

*George S. Schmidt, E. Philip Stair* and *C. W. A. Rochow,* for applicants.
*John A. Hoober,* contra.

Ross, J., May 1, 1922.—The Legislature of Pennsylvania, in conformity with the State Constitution, adopted in the year 1874, passed certain laws "to provide for the incorporation and regulation of certain corporations," providing "that corporations may be formed . . . by the voluntary association of five or more persons for the purpose and in the manner mentioned (in the said laws), and when so formed, each of them, by virtue of its existence as such, shall have the following powers, unless otherwise specifically provided."

Among the powers delegated to such corporations, the sixth gives the power "To make by-laws not inconsistent with law for the management of its property, the regulation of its affairs and the transfer of its stock:" Act of April 29, 1874, § 1, P. L. 73, and various supplements. Among the purposes for which the said corporation may be formed are "The support of any benevolent, charitable, educational or missionary undertaking, the maintenance of a club for social enjoyment:" Act of April 29, 1874, § 2, P. L. 73-74.

The certificate of the intended corporation must contain:
1. The name of the corporation.
2. The purpose for which it is formed.
3. The place . . . where the business is to be transacted.
4. The term for which it is to exist.
5. The names and residences of the subscribers. . . .
6. The number of directors and the names and residences of those who are chosen directors for the first year.

2 D. & C.

Emergency Girls' Club.

The certificate, when properly executed and advertised as required by the act of assembly, shall be presented to a law judge of the county, . . . who is required to peruse and examine said instrument, and if the same shall be found to be in the proper form and within the purposes named in the first class specified in the foregoing section, and shall appear lawful and not injurious to the community, he shall endorse thereon these facts, and shall order and decree thereon that the charter is approved, etc., etc.

The application of the Emergency Girls' Club, containing all the requirements of the Statute Laws of Pennsylvania, was presented to this court on May 23, 1921, and ordered by the court to be filed and advertised according to law, which order was performed.

On June 20, 1921, a petition was presented to this court (filed by leave of court), signed by forty-three persons; one of their number made affidavit to the truth of the matters set forth in the petition. The petition is a "protest against the charter for the following reasons:" "That the work of the said club has been the subject of various complaints in the neighborhood in which the said club is located, to such an extent that a police officer of the City of York has been stationed in the vicinity of the club to keep order. That while the ostensible purpose is general philanthropic work along educational, literary and social lines, this purpose is only ostensible, and that the club has been conducted in such a way as to be injurious to the morals of those who attend and frequent the club, and the lowering of the morals of the community. That the said club is being conducted under the guise of religion, but that is a mere cloak and subterfuge. That the incorporation of said club would be detrimental to the general welfare of the community."

A great amount of testimony was taken in support of the allegations contained in the protesting petition and in refutation thereof, and submitted to this court at the argument for and against the granting of the charter. The only help which this court can legally derive from the evidence is to find from it (or any other legitimate source of information) whether or not the purpose for which the corporation is organized is deceitfully stated in the certificate, as the petitioners state, and if the granting of the charter will be lawful and not injurious to the community.

We are not convinced by the evidence that the club is organized for any other purposes than those stated in the certificate presented to this court. They are lawful and are strictly in accordance with the requirement of our statutes. Neither are we convinced that the granting of a charter would be injurious to the community. Indeed, we are of the opinion that, if properly managed, the club, which has been organized for some time past and has been carrying out its avowed intentions, can be much better supervised and managed as a legally constituted corporation than if it is allowed to continue without the protection and guidance of the law, which can always be invoked against irregular proceedings by a corporation.

The privileges of corporations are only such as are given by statute. "The courts are not entitled to grant or refuse the right of incorporation except upon legal grounds, and the requirements fixed by law can neither be dispensed with nor added to." The act expressly designates the granting by the court of a charter for the support of benevolent, charitable and educational undertakings, the support of any literary undertaking, the maintenance of a club for social enjoyments. We have no other course than to follow the statute law, unless we are convinced that a corporation formed for the purposes expressed in the certificate of incorporation would be unlawful and injurious to the community. As was said by the Supreme Court in the case

Emergency Girls' Club.

of Deutsch-Amerikanischer Volksfest Verein, 200 Pa. 143, 145: "The court undoubtedly may, and should, look into the nature of the proposed social enjoyment to see if it is 'lawful and not injurious to the community,' and may require specific statements and evidence to that end." (As we have done in the present case.) But necessity is not one of the requirements, and it is doubtful if it ever could be shown in the case of purely social clubs. To require it, therefore, would be practically to repeal that clause of the statute.

The objection made by the counsel for the protesting petitioners that the certificate of incorporation is defective, in that there is "nothing to show how the membership of the proposed corporation is to be made up or continued," is not a meritorious objection. That is not a requirement of the act, nor of any other act of assembly of this State, and, as we have seen by the decision of the Supreme Court, "the privilege of incorporation and the requirements to obtain it are wholly statutory. The courts are not entitled to grant or refuse the right except upon legal grounds, and the requirements fixed by law can neither be dispensed with nor added to." The admission, expulsion, fining, assessing and rejection of members are subjects for by-laws, to be from time to time regulated by the members of the corporation: Act of April 29, 1874, § 5, P. L. 73, 77; Supplemental Act of May 14, 1891, § 1, P. L. 61; Act of April 26, 1921, P. L. 299.

And now, May 1, 1922, the petition of protestants is dismissed, at the cost of the petitioners, and the charter is approved, as per our decree attached to the certificate of incorporation, which was filed May 23, 1921.

From Richard E. Cochran, York, Pa.