## Klauder *versus* McGrath.

A joint action may be maintained against two tort-feasors, where the injury complained of by the plaintiff, has resulted from the concurrent negligence of. both.

CERTIFICATE from the Court of *Nisi Prius*.

This was an action on the case by Bridget McGrath against Richard B. Jones and Rudolph Klauder, to recover damages for personal injuries sustained by the plaintiff, by reason of the falling of a party-wall, erected on the dividing line between two lots owned by the defendants, in consequence of their negligence in wrongfully permitting it to remain standing, though well knowing it to be old, unstable, dilapidated, and out of repair.

On the trial, the counsel for the defendant, Klauder, requested the court below to charge the jury: 1. That the declaration charges the defendants as joint wrong-doers, and that proof of separate acts not committed with a common design, or for a common purpose, and without concert, will not authorize a joint recovery (2 *Casey* 489). 2. That the plaintiff cannot recover jointly in this case.

In answer to these points, the court below (THOMPSON, J.) instructed the jury as follows :—

" 1. To the first point we say, that the principle asserted is true in the kind of case to which it belongs, and in which it was announced. But we instruct you, that when a wall is the party-wall or partition between contiguous owners, partly built on the land of each, and it falls by reason of its own insufficiency, being maintained by both, they may be both made liable for injury by its falling, and if it fell from its inherent insufficiency, both are answerable, and plaintiff may recover against both. If, however, it was secure, and by the acts of one of the defendants or his agents, in negligently removing its props, it fell, he alone will be answerable for the injury.

" 2. This point is answered in the negative."

To this charge the defendant, Klauder, excepted; and a verdict and judgment having been rendered for the plaintiff for $1125,

[Klauder *v.* McGrath.]

he certified the case to the court *in banc,* and here assigned the same for error.

*F. C. Brewster,* for plaintiff in error, cited 1 *Chitty on Pleading* 87 ; Williams *v.* Sheldon, 10 *Wend.* 654 ; Bard *v.* Yohn, 2 *Casey* 489 ; Colegrove *v.* Railroads, 6 *Duer* 424, 428.

*D. Dougherty* and *Sellers,* for the defendant in error, cited 1 *Chitty on Pleading* 83 ; 1 *Saund.* 291 ; Mitchell *v.* Tarbutt, 5 *T. R.* 651 ; Peckham *v.* Burlington, *Brayt.* 135 ; Spencer *v.* Campbell, 9 *W. & S.* 32 ; Godley *v.* Hagerty, 8 *Harris* 387 ; Gott *v.* Gandy, 2 *Ellis & Bl.* 845.

The opinion of the court was delivered by

STRONG, J.—The plaintiff below declared against the defendants for an injury which she had received, in consequence of the fall of a party-wall negligently sustained by them. The basis of the action was the negligence of the defendants. It is contended now, that they could not be held jointly liable. The maintenance of an insecure party-wall was a tort in which they were both participants. The act was single, and it was the occasion of the injury to the plaintiff. It is difficult, therefore, to see why both were not liable, and liable jointly. The case is not to be confounded with actions of trespass brought for separate acts done by two or more defendants. Then, if there has been no concert, no common intent, there is no joint liability. Here, the keeping of the wall safe was a common duty, and a failure to do so was a common neglect. The rule often recognised is, that when an injury has resulted from the concurrent negligence of several persons, they are jointly responsible. Thus, if a passenger be injured by a negligent collision of the trains of two railroad companies, he may maintain one action against both : Colegrove *v.* New York and Harlem and New York and New Hampshire Railroad Companies, 6 *Duer* 382.* So, an action may be maintained jointly against. towns for an injury resulting from the insufficiency of a bridge which both towns are under obligation to maintain : Peckham *v.* Burlington, *Brayt.* 134.

The judgment is affirmed.

* Affirmed by the Court of Appeals, in 6 *Smith* 492.