## Rahenkamp *v.* Traction Company.

*Street railways—Joint and several liability for repair of track.*

Where an injury has resulted from the concurrent negligence of two street railway companies, they are jointly and severally liable. It is no defense for either to say you might have sued the other, and certainly none for the defendant company to say, " sue the other company first and then that company can adjust the matter with us."

Argued April 24, 1900. Appeal, No. 89, April T., 1900, by defendants, in suit of J. Henry Rahenkamp et al. against United

Traction Company of Pittsburg, Second Avenue Traction Company and the Federal Street & Pleasant Valley Railway Company, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1897, No. 720, on verdict for plaintiffs.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.   Opinion by ORLADY, J.

Trespass for personal injuries.   Before SHAFER, J.

It appears from the record that by virtue of several ordinances of the city of Pittsburg, and agreements between the companies interested, the Federal Street & Pleasant Valley Passenger Railway Company were permitted to use the tracks of the Pittsburg & Birmingham Traction Company on Smithfield street, and that a frog or switch located there was so constructed as to form a portion of the tracks of both companies. This frog or switch was admittedly out of repairs, and Henry Rahenkamp was killed by reason of its condition.

At the trial the plaintiffs discontinued as to the Federal Street & Pleasant Valley Railway Company and the Second Avenue Traction Company, because it appeared that the accident happened after the United Traction Company had succeeded to the rights and duties of these two companies.

The court charged the jury in part as follows:

[It seems to me that under the circumstances, this switch being allowed for the benefit of the defendant company, the contract with the Birmingham company not making any special provision for it, it being of substantially one construction, and being a necessary switch to bring these two roads together, it was substantially a part of both roads, each of the roads using it and connected by it are liable for its proper maintenance as far as the public are concerned, no matter what their private agreement might have been among themselves as to whom should do the work and who should pay for it.] [2]

The court was asked by defendants to say as a matter of law that the United Traction Company was not liable in this case, but this request was refused and the case submitted to the jury and a verdict rendered in favor of plaintiffs for $1,250, and judgment entered thereon.   Defendants appealed.

*Errors assigned* were (1) refusing binding instructions for

defendants.   (2) To a portion of the judge's charge, reciting same.

*W. P. Potter*, for appellants.—Ordinances which a municipal corporation is authorized to make not only bind its members, but also strangers and nonresidents, coming within its limits : Heland v. Lowell, 85 Mass. 407 ; Buffalo v. Webster, 10 Wend. (N. Y.) 99 ; Strauss v. Pontiac, 40 Ill. 301.

In view of the above decisions, we contend that it was the duty of the plaintiffs in this case to ascertain which of the railway corporations was bound to make these repairs, and having learned which company was liable, their remedy was against it.   An inspection of the record, or even an inquiry, would have shown that the duty of repairs and maintenance here was upon the Birmingham company.

*R. A. Balph*, with him *James Balph*, for appellees.—Where a tort is the joint act of several persons, the plaintiff has an election either to sue all or one or any number of them, or to bring separate suits against each : Troubat & Haly's Practice, sec. 1677 ; Consolidated Ice Co. v. Keifer, 134 Ill. 481 ; McAvoy v. Wright, 137 Mass. 207 ; North Penna. Railroad Co. v. Mahoney, 57 Pa. 187.

Opinion by Orlady, J., July 26, 1900 :

In 1870 the Pittsburg & Birmingham Railway Company was duly authorized by an ordinance to use and occupy Smithfield street in the city of Pittsburg for their street railway, the city reserving the right to grant at any time to any passenger railway the privilege of using the tracks of the Pittsburg & Birmingham Railway, upon payment to that company of a proportionate share of the cost of laying the same. A few months later the city, by an ordinance, granted to the Federal Street & Pleasant Valley Passenger Railway Company the right to use the tracks of the Pittsburg & Birmingham Passenger Railway along a part of Smithfield street, upon condition, . . . . and to pay their proportion of the cost of construction and maintenance of said tracks upon such terms as might be agreed upon by the companies.   Subsequently the two street railway companies entered into an agreement, which was duly

recorded, in and by which the Pleasant Valley company agreed to pay to the Birmingham company its proportion of the cost of construction of said railway on Smithfield street, "and further pay and contribute annually to the Birmingham company the one-half cost of the reasonable cost and expenses of maintaining said railway tracks on Smithfield street, from Seventh avenue to Fifth avenue in good repair and condition;" and reciting, that under the ordinance, "the said railway companies are liable to keep the streets through which they run clean and in perpetual good order and repair from curb to curb." It was further agreed, "that the said obligations shall be fulfilled by the Pittsburg & Birmingham Passenger Railway Company, and the said Federal Street & Pleasant Valley Railway Company shall and will refund the one half of the cost and expenses of such repairs on Smithfield street" between the points named. The tracks of the two railways were connected on Smithfield street near Seventh avenue by a switch frog being placed in the line of the Birmingham company's tracks, so as to allow the cars of the other company to be transferred from their own rails to those of the Birmingham Company. This switch frog was so designed and placed that a movable or loose tongue controlled the direction of the Pleasant Valley cars, but it was not in any way necessary to the proper movement of the Birmingham cars. On the trial it was found that the United Traction Company had succeeded, a short time prior to the injuries complained of, to all the rights of the Pleasant Valley company and of the Second Avenue Traction Railway Company, and the plaintiffs discontinued the action as to these two companies. The switch frog joining the street railways, either from defective construction or by reason of not being in good repair, would not allow the tire of all ordinary wagons to pass through it in safety, and when Henry Rahenkamp, the father of the plaintiffs, drove his wagon along the line of the Birmingham company's tracks, the wagon tire entered the open switch and was so firmly gripped therein as suddenly to stop the wagon, which resulted in his being thrown violently out of the wagon to the street, and on account of the injuries there received he died soon afterward. The switch frog was the cause of many accidents and the fact of its being dangerous must have been known to both companies from the length of time it had been

in its then condition, and from the number of accidents happening from that cause at that place. The defendant contends that the United Traction Company was not liable to the plaintiffs for the reason that under the ordinances and the agreement between the companies, the primary duty to keep the tracks in good repair was on the Birmingham company, which was not in court, and that the plaintiffs were bound to bring their action against that company. It was shown that there were ineffectual attempts on the part of the two companies to arrange for an improved condition of the tracks, but they were not consumated until after the accident happened.

The court instructed the jury as follows: " It seems to me that under the circumstances, this switch being allowed for the benefit of the defendant company, the contract with the Birmingham company not making any special provision of it, it being substantially one construction, and being a necessary switch to bring these two roads together, it was substantially a part of both roads, each of the roads using it and connected by it are liable for its proper maintenance as far as the public are concerned, no matter what their private agreement might have been among themselves as to who should do the work and who should pay for it."

In the contract between the companies it is specifically admitted that they are liable under the ordinances to keep this street in perpetual good order and repair from curb to curb. The immediate cause of the injury was the continued negligence of each and both. While the primary duty of doing the work, as between themselves, was on the Birmingham company, the neglect or refusal of that company to agree to the terms proposed by the Pleasant Valley company, as to the time and manner of making admittedly necessary repairs, cannot be used as a shield to protect the latter company from its own neglect of duty as to this switch. It cannot be that if the Birmingham company persisted in its refusal to make a necessary repair to this switch, that the Pleasant Valley company would not have been justified in doing the necessary work. The duty of each company to the public was much higher and more important than the adjustment of financial equities between themselves. The rule often recognized is, that when an injury has resulted from the concurrent negligence of several persons, they are

jointly responsible: Klauder v. McGrath, 35 Pa. 128. Neither is the plaintiff precluded from recovery against one tort-feasor by showing that others have borne their share of it: North Penna. R. Co. v. Mahoney, 57 Pa. 187. Each company was charged with a duty to the public involving liability to an individual specifically injured by neglect of such duty. It is no defense to either to say you might have sued the other; and certainly none for the defendant to say, you can sue the Birmingham company, and then that company can adjust the matter with us: Gates v. Penna. R. Co., 150 Pa. 50; 16 L. R. A. 554, and notes; Aiken v. Philadelphia, 9 Pa. Superior Ct. 502; Faust v. Railroad Company, 191 Pa. 420.

The judgment is affirmed.