# Burkett et al. *v.* Van Tine, Appellant.

*Practice, C. P.—Trial—Order of evidence—Motion to strike out —Appeals.*

1. Where evidence is offered to be followed up and connected with other evidence, such evidence is properly admitted, as it is at the time only a question of the order of proof.

2. If the other evidence is not subsequently offered, it is the duty of the opposing counsel to move that the evidence admitted be stricken out.

3. If he fails to do so he cannot subsequently on appeal complain of its admission.

4. The trial judge is not required to carry in his mind the details of the trial, and of his own motion strike out evidence.

*Appeals — Practice, C. P. — Variance — Question not raised in court below.*

5. The appellate court will not reverse a judgment on a verdict because of an alleged variance between the statement of claim and the proof, where the question of variance was not raised in the court below.

*Negligence—Independent contractor—Master and servant—Evidence—Control—Discharge.*

6. In a negligence case where it is claimed that the negligent act was committed by a servant of an independent contractor, the important and decisive question is whether or not the defendant had authority to direct the contractor's workmen as to the methods or manner of executing the details of the work.

7. While the element of discharge may be considered, the weight of authority is to the effect that the test is the right of control as

to means or methods but not as to results; if such control exists, then the person hired is not an independent contractor.

*Negligence—Joint act of independent contractor and defendant's servant—Joint tort feasors—Joint or several action.*

8. If an employer and an independent contractor exercise joint supervision and coöperation in the performance of work, a joint obligation to avoid injury to third persons arises which will render them jointly or severally liable for injuries received by another on account of their joint negligent acts of omission or commission.

Argued January 17, 1923.  Appeal, No. 430, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1918, No. 2357, on verdict for plaintiff, in case of Wilbert M. Burkett, by Eliza Burkett, his next friend, and Eliza Burkett in her own right v. David W. Van Tine.  Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before BARRATT, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Wilbert Burkett for $15,-000, and for Eliza Burkett for $2,000.  Defendant appealed.

*Errors assigned* were, inter alia, various rulings and instructions, quoting record.

*Harold B. Beitler,* of *Dickson, Beitler & McCouch,* with him *Roland C. Heisler,* for appellant.

*Thomas James Meagher,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 23, 1923:

Wilbert Burkett, aged seventeen, while walking northward on Eleventh Street, Philadelphia, was struck on the head by a piece of wooden railing that fell from a balcony on the fourth floor of the Colonial Apartments. This appeal was taken by defendant from the judgment

entered on a verdict against him in the action to recover damages for the injuries sustained.

It will serve no useful purpose to review extensively the facts on which plaintiff relies to sustain the judgment. The condition of the woodwork on the fifth floor balcony and the work to be done there was properly admitted in evidence under counsel's statement. It was material in determining the relation to appellant of Callahan, the contractor repairing the balcony. Counsel stated he would connect the evidence with the condition of the balcony on the fourth floor and the work to be done there. No effort thereafter was made to connect the two balconies in one undertaking, but, as stated, the evidence was properly admitted, as it was then only a question of the order of proof. Defendant's counsel, at the close of the case, should have renewed his objection to the evidence by a motion to strike out; had this been refused, we might give the assignment more serious consideration. The trial judge is not required to carry in his mind the details of the trial, and of his own motion strike out evidence; the objection is not well taken.

Appellant urges plaintiff's action was not based on the theory that Callahan (the contractor) and his employees were servants of defendant,—that the statement of claim does not attempt to hold defendant responsible for any negligence of Callahan or his employees. Notwithstanding this, the trial judge devoted much of his charge to the legal distinction between an independent contractor and servant, instructing the jury to determine whether Callahan was an independent contractor or servant. Thus was injected into the case something not alleged in the pleadings, nor proven in the case.

The difficulty with this phase of the case is, plaintiff did not designate any specific persons as servants of the defendant for whose neglect he was responsible. The statement averred many separate and independent acts of negligence, for all of which defendant was charged with responsibility. The thirteenth paragraph of the

defense distinctly denies liability because Callahan was an independent contractor, over whom defendant exercised no control in the manner in which the work was carried on. Plaintiff assumed the burden of showing the persons injuring him were servants of defendant, and the jury might infer from the evidence it was not done by an independent contractor. Whether there was sufficient evidence for the jury to find the act that of a servant is another matter.

If the statement did not specifically set up the challenged matter, that Callahan was a servant, defendant nowhere objected to the evidence tending to show he was such servant. If there was any variance between proof and allegation, it is now too late to raise it: Minute v. P. & R. Ry. Co., 264 Pa. 93, 97; Gallagher v. American Bitumastic Enamel Co., 273 Pa. 314, 316. We are not disposed to hold the evidence admitted under the general charge in the statement, that plaintiff was injured through the act of the servant, could be considered a variance without request for a more precise description of servant. Defendant's points show the case was tried on the theory of independent contractor.

We have carefully read the court's instruction on this branch of the case. While somewhat lengthy, as a whole it was not so much out of harmony with adjudicated cases as to constitute reversible error or prejudice defendant's rights. There may be excerpts which, standing alone, might be objectionable, but, read with the entire context, it is quite clear the court meant to lay emphasis on the fact that the important and decisive question was whether or not the defendant had authority to direct the contractor's workmen as to the manner or methods of executing the details of the work. The suggestion that the jury might conclude to regard the element of discharge as being decisive of the question of employment is not without authority: 14 R. C. L. page 71, section 8; Dickson v. Hollister, 123 Pa. 421, 430 (see also Simonton v. Morton, 275 Pa. 562). But the weight of author-

ity is undoubtedly to the effect that the test is the right of control as to means or methods but not as to results. If such control exists, then the person hired is not an independent contractor: Moore v. Sturtevant Co., 228 Pa. 399, 400; 14 R. C. L. page 67, section 2; 1 Labatt on Master and Servant, 2nd ed., 222, section 64 and notes; 1 Thompson on Negligence, 2nd ed., 570, sections 622 and 623; Harrison v. Collins, 86 Pa. 153, 159; Colleoni v. Delaware & Hudson Co., 274 Pa. 319, 323; and Judge SCHAFFER'S opinion reviewing the law in Simonton v. Morton, supra. Defendant's last point, affirmed by the court below, emphasized this view of the law; if there was any harm in the charge in this respect, plaintiff and not defendant suffered from it, as will now be shown.

We need not decide whether there was sufficient evidence to show Callahan as an independent contractor, but we will pass to the remaining question, on which we are all agreed that the circumstances connected with it are sufficient to sustain the judgment, apart from the relations of the parties, as servant or not. When defendant went to Callahan's place of business he inquired for a workman of a particular name (Zutterling) to do some work for him. This man was instructed to go to the Colonial Apartments, where Baker, defendant's manager, would point out the work to be done. He was to do whatever the manager "shows him or tells him to do." There was also engaged at the apartments, under the direct employment of defendant, a carpenter, whose assistance was necessary to Callahan's work in relaying tin on the balcony floors. It is conceded the house carpenter did assist in the work, and it is in evidence he actively aided on this balcony at the time the accident took place. Immediately before, and coincident with, the accident, the house carpenter was holding and working with the piece of wood or banister that fell to the pavement, injuring the boy. This object was in the hands and under the control of two men, defendant's own carpenter and Peterson, another employee of Callahan. That the acci-

dent would not have happened had due care been exercised was found as a fact by the jury. Both of these persons were participating in a common enterprise, and, in the absence of evidence to the contrary, both of them, and their respective principals, were responsible for the injury. While statements of the contractor's employee might have had a tendency to contradict the effect of this, from all the evidence the jury was warranted in finding both employees handled the banister, acting separately and independently. The banister and post had to be raised to permit the tin to pass under, and the joint effort of both men was necessary to make the job a success. So that, without considering whether Callahan was an independent contractor or servant, the jury, under the evidence, was justified in finding defendant's concurring negligence through his house carpenter visited him with liability for the accident; the court below was not in error in charging: "It is the law that if an employer and an independent contractor exercise joint supervision and coöperation in the performance of work, a joint obligation to avoid injury to third persons may arise which will render them jointly liable for injuries received by another on account of their joint negligent acts of omission or commission......In other words, if two persons, acting in independent capacities by joint negligence, cause injury to an innocent third party, then either or both parties may be held liable for those injuries, and proof by the plaintiff to convince a jury that the party sued was negligent would be sufficient to fix liability in that party, notwithstanding that the other party also was negligent": O'Malley v. P. R. T. Co., 248 Pa. 292, 297; Siever v. P., C., C. and St. L. Ry. Co., 252 Pa. 1, 10; Jaras v. Wright, 263 Pa. 486, 491; Hitchins v. Wilson, 68 Pa. Superior Ct. 366, 370; Rowland v. Philadelphia, 202 Pa. 50.

Judgment affirmed.