# Gorman, Appellant, v. Charlson et al. (No. 1).

*Negligence — Collapse of building — Excavations — Proximate cause—Joint tort feasors — Independent contractor — Negligence of owner.*

1. If two persons, acting in independent capacities, by joint negligence, cause injury to an innocent third party, either or both parties may be held liable for such injuries.

2. In such case, proof by plaintiff to convince a jury that the party sued was negligent, will be sufficient to fix liability on that party, notwithstanding the other party was also negligent.

3. In an action by a wife to recover for the death of her husband killed by the collapse of a moving picture theatre, the owner cannot defeat liability because of the negligence of an independent contractor in laying a trench on defendant's property immediately adjoining the wall of the theatre, where the evidence also shows that the proximate cause of the accident was the negligence of

defendant himself on the day of the accident while engaged in enlarging the trench and laying a sewer therein.

4. In such case the fact that witnesses called by plaintiff may have assigned, as the cause of the accident, the digging of the trench by the contractor, did not preclude plaintiff from showing a further contributing cause, the putting in of the sewer and the weakening of the wall by the cutting away of part of it to put the sewer line through.

Argued October 4, 1926.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and and SCHAFFER, JJ.

Appeal, No. 125, March T., 1926, by plaintiff, from order of C. P. Cambria Co., Sept. T., 1922, Nos. 170 and 172, refusing to take off nonsuit, in case of Laura N. Gorman v. Woolf Charlson and A. I. Edelstein, Reversed.

Trespass for death of plaintiff's husband.  Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off.  Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Ray Patton Smith*, for appellant.—Defendants were guilty of negligence in failing to take necessary precautions to prevent the collapse of the building: Fitzpatrick v. Penfield, 267 Pa. 564; Fortunato v. Limestone Co., 278 Pa. 499; Thompson v. DeLong, 267 Pa. 212; Irvine v. Smith, 204 Pa. 58; Majestic A. Co. v. Cigar Co., 79 Pa. Superior Ct. 309; Pender v. Raggs, 178 Pa. 337; Witherow v. Tannehill, 194 Pa. 21; Newingham v. Blair Co., 232 Pa. 511; Garver v. Lightner, 275 Pa. 401.

Defendants were guilty of negligence in further weakening the building, thereby contributing to its collapse: Burkett v. Van Tine, 277 Pa. 567.

*Philip N. Shettig*, for appellees.—The testimony adduced on part of appellant proved that the proximate

cause of the accident was the negligence of an independent contractor.

OPINION BY MR. JUSTICE SCHAFFER, November 22, 1926:

We cannot acquiesce in the disposition by the court below of this and the two other cases which accompany it. Nonsuits were entered which the court in banc in an opinion by the trial judge refused to remove and in consequence plaintiff has appealed.

The plaintiff sued to recover damages for the death of her husband (in the other two actions for the death of her two minor children) killed in the collapse of a theatre building belonging to defendants, in which the decedents were witnessing a moving picture show. Recovery was denied on the ground that the negligence shown was that of an independent contractor.

In addition to owning the theatre building, defendants owned a piece of land alongside of it, on which they concluded to erect a building and for that purpose they entered into a contract in writing with J. D. Ritter for its construction. The specifications, which were made part of the contract, provided "The owner will take care of all sewerage, painting, wiring, plumbing and heating necessary for the completion of this building."

Ritter, the contractor, in proceeding with the work, dug a trench for the concrete foundation wall of the new building eighteen inches wide, parallel with and alongside the wall of the theatre building, extending for its entire length. The trench was excavated to a depth of about eighteen inches below the foundation wall of the theatre building. On or shortly before the date the theatre building collapsed, it had rained and the earth around the foundation wall was wet and soft. Concrete had been run into the ditch with the water still standing therein, and one of the defendants, on the day the building collapsed, had drained the water from the ditch. On that day the defendant Charlson

GORMAN, Aplnt., *v.* CHARLSON et al. (No. 1).  413

1926.]                    Opinion of the Court.

went upon the premises with six workmen to aid in the work that was going on; according to the testimony, he was in charge of the work on that day. Among other things, he caused a further excavation to be made for a sewer pipe (under the contract the owners had to provide the sewerage) leading from the theatre building and under its wall and into the lot where the new building was being erected and to the rear of that lot where connection was to be made with the sewer. In making this excavation, a hole was cut through the foundation wall of the theatre building apparently about eighteen inches in diameter and sufficient earth was removed from under the foundation wall to permit a workman to pass through back and forth. Shortly after the defendant Charlson and his workmen ceased their work and left the building, it collapsed.

The court below in its opinion refusing to take off the nonsuit held that the proximate cause of the collapse of the building was the negligence of Ritter, the contractor, in digging the trench and it is true that witnesses called by plaintiff had so testified as to make possible this conclusion, but plaintiff in the presentation of her case called witnesses, competent to express an opinion on the subject, by whom it was offered to be shown that the proximate cause of the collapse of the building was the work done by the defendant Charlson in connection with placing the sewer line under the wall of the theatre. The trial judge refused to receive this testimony, because "the plaintiff had already shown one proximate cause for which another than the defendants were responsible and to offer additional testimony with a view of showing a proximate cause for which the defendants were responsible would require the jury to guess as to the responsibility for the collapse of the building." To sustain its position, the court relied upon the cases of Bruggeman v. City of York, 254 Pa. 430; Fullick v. South Penn Oil Co., 260 Pa. 4. Neither of these decisions nor any other that we have knowledge of sustains the rulings

414 GORMAN, Aplnt., v. CHARLSON et al. (No. 1).

Opinion of the Court. [287 Pa.

of the court below. The plaintiff was entitled to show by such competent evidence as she could produce what caused the building to fall and whose negligent act brought about the catastrophe. The fact that witnesses called by her may have assigned as the reason the digging of the ditch by the contractor did not preclude her from showing a further contributing cause, the putting in of the sewer by the owner and the weakening of the foundation wall of the theatre by the cutting away of part of it to put the sewer line through. "As a general rule it may be said that negligence to render a person liable need not be the sole cause of an injury. It is sufficient that his negligence concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where two causes combine to produce injuries a person is not relieved from liability because he is responsible for only one of them": 29 Cyc. 496; see also, 29 Cyc. 487; Lockhart v. Lichtenthaler, 46 Pa. 151; Rahenkamp v. Traction Co., 14 Pa. Superior Ct. 635.

It will be observed that we are not dealing with a situation where the entire construction of the building was in the hands of an independent contractor, but with one where the owners were required to do part of the work and were actually engaged in doing it but a short time before the building fell. If the testimony offered and rejected had established the acts of the owner as a contributing cause to the disaster, even though the contractor was also responsible, the plaintiff would have made out her case. In Burkett v. Van Tine, 277 Pa. 567, 572, we said, "The court below was not in error in charging 'It is the law that if an employer and an independent contractor exercise joint supervision and coöperation in the performance of work, a joint obligation to avoid injury to third persons may arise which will render them jointly liable for injuries received by another on account of their joint negligent acts of omission or commission. ......In other words, if two persons, acting in inde-

pendent capacities by joint negligence, cause injury to an innocent third party, then either or both parties may be held liable for those injuries and proof by the plaintiff to convince a jury that the party sued was negligent would be sufficient to fix liability in that party, notwithstanding that the other party also was negligent': O'Malley v. P. R. T. Co., 248 Pa. 292, 297; Siever v. P., C., C. & St. L. Ry. Co., 252 Pa. 10; Jaras v. Wright, 263 Pa. 486, 491; Hitchins v. Wilson, 68 Pa. Superior Ct. 366, 370; Rowland v. Phila., 202 Pa. 50": see also Thompson on Negligence (2d ed.), vol. 1, section 652, p. 593. "The proprietor himself may become liable for an injury happening through his personal negligence in performing some particular part of the work": Moll, Independent Contractors and Employers Liability, section 171.

It was error on the part of the trial judge not to hear the testimony offered by plaintiff and in entering the nonsuit; plaintiff's motion to take it off should have prevailed.

The fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and fourteenth assignments are sustained, with a procedendo.