## Hall et al. v. Belmont Auto Trucking Co., Appellant.

*Negligence—Street car—Truck—Collision with—Injury to pas-
senger of car—Evidence—Case for jury—Negligence of two persons
concurring in causing injury—Damages.*

In an action of trespass to recover for personal injuries, sustained
in a collision between a street car and defendant's truck, it appeared
that plaintiff was a passenger on the former at the time of the acci-

dent. There was evidence that the car and the truck were proceeding along a street in the same direction, and that the driver of the truck in an attempt to pass between the car and an automobile parked along the curb crashed into the street car.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Where the negligence of two or more persons concurred in causing an injury they are jointly and severally liable, and in such case one cannot excuse himself on the ground that the negligence of another figured in producing the result.

Where in such case it appears that plaintiff earned $15 per week before the accident; that she was unable to work during the two years intervening between the accident and the trial; that she was obliged to wear a brace and that she is fifty per cent incapacitated a verdict in the sum of $1,750.00 will not be disturbed.

Argued October 22, 1926. Appeals Nos. 233 and 234 October T., 1926, by defendant from judgments of C. P. No. 4, Philadelphia County, December T., 1924, No. 5731, in the case of Mary Hall and William Hall v. Belmont Auto Trucking Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover for personal injuries. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiffs in the sum of $2250.00 for the wife and $250.00 for the husband. Subsequently the verdict in favor of the wife was reduced to $1750.00 and judgment entered on the verdicts. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante verdicto.

*Harry R. Axelroth* for appellant.

*John Mahn Thissell,* and with him *Augustus Trask Ashton,* for appellees.

OPINION BY TREXLER, J., March 3, 1927:
The only assignments of error are the refusal of the

court to enter judgment in favor of the defendant notwithstanding the verdict and in refusing a new trial. The defendant argues that there is not sufficient proof of negligence to fix liability on him. The accident occurred by reason of a collision between defendant's truck and a street car. The plaintiff, Mary Hall, was a passenger on the street car and was injured by the concussion due to the meeting of the two vehicles. The testimony shows that as the car and the truck were proceeding along the street in the same direction, there was an automobile standing along the curb on the same side of the street on which the truck was proceeding and that the driver of the truck endeavored to pass the car and "cut in" before the car so as to avoid striking the automobile and that as it swung around the car, it crashed into it. This was in substance what the plaintiff testified to and so did her witnesses. There seems to have been a small space between the trolley car and the standing automobile and one of the witnesses testified that it was evident that the truck was going to hit either the parked vehicle or the trolley car. The motorman who was operating the car, testified that he was slackening the speed of his car by reason of something that was drawing his attention, not connected with the accident, and that there was not enough space for the truck to pass when it attempted to "cut in" in front of the trolley car; that he brought his car to a sudden stop, but could not stop quick enough to avoid contact with the swerving truck. The fact that the front part of the trolley car was torn out instead of being smashed in by the collision with the rear part of the truck would indicate that the trolley car did not run into the truck, but that the truck "cut in" in front of the trolley car just as the witnesses described. There was some conflict of testimony, but there was sufficient to support a verdict of negligence on the part of the defendant's driver.

The appellant argues that the motorman was guilty of negligence, but this does not help him. The case was properly submitted, the jury was instructed that if the accident resulted solely from negligence of the motorman, there could be no recovery, but if the jury concluded that both the motorman and the driver of the truck were negligent, that would not under the circumstances of the case prevent the plaintiff from recovering from the defendant. "Where the negligence of two or more persons concur in causing an injury, they are jointly and severally liable and in such case one cannot excuse himself on the ground that the negligence of another figured in producing the result." Smith v. Reading Transit & Light Co., 282 Pa. 516; Gorman v. Charlson 287 Pa. 410.

The jury found a verdict for $2,250 which the plaintiff, at the suggestion of the court, remitted to the extent of $500, making it $1,750. The learned trial judge in his opinion refusing a new trial justifies the reasonableness of this amount. The plaintiff was struck in the "small of her back and received a 'deep seated bruise' in the region of the spine. She was obliged to keep her bed for two weeks, was unable to go out for four weeks further, and was unable to work during the two years intervening between the accident and the trial. She had for four years before worked as a tobacco stripper, receiving fifteen dollars a week. She has found herself altogether unable to do this sort of work. She is obliged to wear a brace. Her family physician who attended her testified that the pain from such an injury as the plaintiff received was quite as much as usually accompanies a broken limb, and that he regards her as 'fifty per cent incapacitated.'" Under these circumstances, we think the amount is reasonable.

The judgment of the lower court is affirmed.