## Lynch *v.* Abbotts Alderney Dairies Inc. and Philadelphia Rapid Transit Company, Appellant.

*Street railways—Collision of trolley and wagon—Negligence—Injury to passenger—New trial—After discovered evidence.*

In an action of trespass to recover damages for injuries resulting from a collision between a wagon and a trolley car the evidence showed that plaintiff, who was a passenger in the car, was thrown from her seat, when the collision occurred, and injured. There was testimony that the driver of the wagon cut across in front of the car and, in so doing, his wagon was struck. Excessive speed was not shown with respect to the car nor any special traffic conditions inducing the driver of the wagon to make such movement.

Such evidence is sufficient to establish the negligence of the driver of the wagon and a verdict for the plaintiff against the owner will be sustained.

Where four witnesses testified at the trial as to the identity of the defendant's wagon, a request for a new trial on the ground of after-discovered evidence—namely, statements by the conductor and motorman that on further reflection and examination they had become satisfied that the wagon in the collision was not that of the co-defendant—was properly refused.

Argued October 14, 1927. Appeal No. 215, October T., 1927, by Abbotts Alderney Dairies, Inc., from judgment of M. C. Philadelphia County, February T., 1926, No. 968, in the case of Julia Lynch v. Abbotts Alderney Dairies, Inc., and Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Lewis, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment in the sum of six hundred dollars against Abbotts Alderney Dairies, Inc. Defendant appealed.

*Error assigned,* among others, was the entry of judgment.

*Philip L. Leidy,* and with him *Layton M. Schoch,* for appellant.

*Maurice G. Weinberg,* for appellee.

Opinion by Henderson, J., December 15, 1927:

This is an action for negligence resulting from a collision between a wagon and a car of the transit company. The plaintiff was a passenger in the trolley car and was thrown from her seat and injured. At the close of testimony the trial judge granted a non-suit in favor of the transit company for the reason that there was no evidence of that defendant's negligence, and submitted to the jury the question of the liability of the other defendant. The appellant has assigned for error the refusal of the court to enter judgment non obstante veredicto and to grant a new trial. The third assignment complains of that part of the charge in which the court said that if the jurors believed the testimony of the witnesses called by the plaintiff they would be justified in concluding that if the plaintiff was injured her injury was received through the negligent driving of a wagon or vehicle, the property of the dairies company. There was little controversy as to the manner in which the collision occurred. The trolley car was moving southwardly on 2nd St., at a

place on that street north of Germantown Ave., the wagon, moving in the same direction, was driven across the street car track from the west to the east side of the street in such proximity to the street car that a collision occurred. The evidence as to the plaintiff's injury was not controverted and the only question to be considered by the jury was whether the driver of the wagon was negligent in the manner in which he drove his team. The evidence for the plaintiff showed that he "cut across" in front of the car and that his wagon was struck while so doing. Eye witnesses described the movement of the car and the wagon and presented such a state of facts as, if credited, would render the appellant liable for the injury. The place where the accident occurred was not at a street intersection; excessive speed was not shown with respect to the street car and the conclusion was fully warranted that the driver of the wagon undertook to pass in front of the car to the other side of the street on a line so close to the moving trolley car that a collision would probably occur. As the street car was in plain sight and no special conditions of traffic were shown to exist inducing the driver of the wagon to make the movement described, the case presented an occurrence reasonably held to be caused by the negligent management of the defendant's vehicle. The verdict rested on a more convincing state of facts than supported the verdict in Hall et al. v. Belmont Auto Trucking Co., 90 Pa. Superior Ct. 176, where a judgment in favor of the plaintiff was sustained.

At the trial the conductor of the trolley car testified that the wagon in the collision was an Abbotts milk wagon. The motorman testified that he knew it was a milk wagon as he saw the lettering on the wagon but did not take particular notice of the name. After the verdict a new trial was applied for and after-discovered evidence was suggested, which was the statement of the

conductor and motorman of the trolley car who said that on further reflection and examination they had become satisfied that the wagon in the collision was not that of the Abbotts Dairy but was owned by the Supple-Wills-Jones Milk Company. The question of the ownership of the wagon was a principal fact to be established at the trial and four witnesses testified for the plaintiff in identification of the vehicle as the appellant's wagon. We are unable to conclude that the court erred in refusing to grant a new trial on the alleged after-discovered evidence. Reasonable diligence on the part of the defendant would have developed the evidence proposed to be introduced before the trial and the direct and positive testimony of the plaintiff's witnesses with respect to the ownership of the wagon would doubtless have prevailed against what the defendant proposed to introduce. No evidence was offered to contradict the plaintiff's case on the question of ownership at the trial and the reasons for a new trial are not at all persuasive. The case for the plaintiff was satisfactorily established and no sufficient reason appears for reversing the result arrived at.

The judgment is affirmed.