Shaull *v.* A. S. Beck New York Shoe Co., Inc., Appellant.

Argued November 20, 1951.   Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*F. Brewster Wickersham,* with him *Metzger & Wickersham,* for appellant.

*Wm. E. Shissler,* with him *Nauman, Smith, Shissler & Hall, McNees, Wallace & Nurick, Samuel A. Schreckengaust, Jr., Earl V. Compton,* and *William J. Lescure,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 7, 1952:

Having in mind that summary judgments should not be entered on pleadings save in very clear cases the present judgments must be reversed and the mutual rights and liabilities of the parties left for determination at a trial of the issues.

The A. S. Beck New York Shoe Co., Inc. was the lessee of certain premises on Market Street abutting in the rear on Court Street in the City of Harrisburg. It engaged R. S. Noonan, Inc. to make extensive structural changes in the buildings. The work necessitated the demolition of parts of the existing structures, and in the written contract entered into between the parties it was provided that the entire Court Street building should be removed to grade except a portion of the north wall which was to remain in position and become the north wall of the new structure to be built. The specifications provided that Noonan was to do all shoring, bracing and underpinning required to install walls and any other parts of the work necessitated by the

operation under the contract, and that the demolition should be done in a manner and by methods that complied with all applicable laws and regulations. Noonan entered into a sub-contract with Delson Wrecking Co., Inc., wherein the latter agreed to do the demolition work. In the course of the demolition a part of the north wall of the Court Street building which had been left standing collapsed and fell upon and killed Donald F. Shaull, an employe of Delson. His widow, as administratrix of his estate, brought suits for damages under the Wrongful Death and Survival Acts against the Beck Company, and Beck brought Noonan and Delson on the record as additional defendants.

In the complaint filed by plaintiff against Beck it was alleged that in ordering the demolition of the building on Court Street, Beck, as it knew or should have known, created a dangerous condition, and that it was guilty of negligence in specifying that the north wall was to stand alone and in not taking proper measures for shoring it and making it sufficiently secure. Beck filed an answer in which it averred that its contract with Noonan provided for the shoring and bracing of the wall but that Noonan did not properly perform the demolition provisions of the contract and that it was Noonan who created the dangerous condition. Beck filed a complaint against Noonan in which it made these same averments. Beck also filed a complaint against Delson alleging that in the sub-contract between Noonan and Delson the latter agreed to demolish the structures according to the same plans and specifications as were provided in the contract between Beck and Noonan but failed to do so, and that the accident was due to the negligence of Delson in failing to shore the wall. It asserted that Delson was solely liable, or jointly and severally liable with, or liable over to Beck, and jointly and severally liable with, or liable over to Noonan, or

jointly and severally liable with, or liable over to Beck and Noonan. Delson filed an answer to this complaint in which it averred that it had contracted to do the work, not in accordance with the plans and specifications contained in the contract between Beck and Noonan, but only in accordance with directions received from Noonan and the architects, and that its contract did not require it to shore and brace the wall. It also pleaded New Matter in which it set forth that Shaull was its employe and at the time of his death was in the course of his employment, that he came under the provisions of the Workmen's Compensation Act, and that Delson had entered into a compensation agreement with plaintiff and was then making payments to her in accordance therewith; subsequently it amended its pleading by adding as another defense that plaintiff's cause of action under the Wrongful Death Act had arisen more than one year prior to the joinder of Delson as additional defendant and was therefore barred as to Delson by the statutory limitation.

Delson moved the court for judgments in the two actions on the pleadings. The court sustained its motion and entered judgments in its favor and against Beck. From those judgments the latter now appeals.

It must be immediately obvious that Delson cannot be retained on the record as additional defendant on the ground of being *solely* liable to plaintiff, since its liability to its employe for injury or death in the course of his employment is only that prescribed by the Workmen's Compensation Act: *Jackson v. Gleason*, 320 Pa. 545, 182 A. 498; *Maio, Exrx., v. Fahs*, 339 Pa. 180, 14 A. 2d 105; *Zachrel, Admrx., v. Universal Oil Products Co.*, 355 Pa. 324, 49 A. 2d 704; *Murray v. Lavinsky*, 120 Pa. Superior Ct. 392, 182 A. 803. The same result follows from the fact that it was joined as additional defendant after the expiration of the time in which an action under the Wrongful Death Act could

have been maintained against it: *Bowers v. Gladstein*, 317 Pa. 520, 178 A. 44; *Lumen v. Paley*, 342 Pa. 317, 20 A. 2d 752; *Zachrel, Admrx., v. Universal Oil Products Co.*, 355 Pa. 324, 49 A. 2d 704; *Carlin v. Pennsylvania Power & Light Co.*, 363 Pa. 543, 70 A. 2d 349; *Moscon v. Philadelphia*, 147 Pa. Superior Ct. 251, 24 A. 2d 30. However, if it appear that Delson is liable *over to, or jointly* liable with Beck the latter would have the right to insist upon the retention of Delson on the record as additional defendant because, although the *plaintiff* would not be able to enforce any judgment recovered against Delson, Beck might be able to establish against it a right of contribution: *Maio, Exrx., v. Fahs*, 339 Pa. 180, 14 Ad 2d 105; *Rau v. Manko*, 341 Pa. 17, 17 A. 2d 422; Goodrich-Amram Civil Practice, §2252 (a)-10.* Beck concedes that it cannot establish a liability *over* on the part of Delson, so the controlling question is reduced to the single issue whether the pleadings sufficiently state a case of *joint* liability as between Beck and Delson or between Beck, Noonan and Delson.

The court below decided this question—in our opinion erroneously—in the negative. It is true that the complaint filed by a defendant against an additional defendant must, under Pa. R. C. P. 2252(b), be in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded; it therefore constitutes not only a method of bringing a party into court but also a pleading which must state a good cause of action: *Zachrel, Admrx., v. Universal Oil Products Co.*, 355 Pa. 324, 49 A. 2d 704. Here the complaint filed by

---

* As to the *amount* of contribution recoverable where the additional defendant is plaintiff's employer see *Maio, Exrx., v. Fahs*, 339 Pa. 180, 191, 192, 14 A. 2d 105, 110, 111; *Giordano v. Clement Martin, Inc.*, 347 Pa. 61, 65, 31 A. 2d 504, 506.

Beck against Delson, the averments of which must for present purposes be accepted as true, alleges that Delson assumed an obligation under its contract with Noonan to demolish the structures in accordance with the same plans and specifications as those attached to the agreement between Beck and Noonan and which provided for necessary shoring, bracing and underpinning, and that Delson had nevertheless neglected to shore the wall the collapse of which caused decedent's death, and had failed to use due care in the demolition of the Court Street building; the complaint incorporated by reference the complaint filed by the plaintiff against Beck. Considering, therefore, these two complaints together, they fairly make out a case of joint liability for negligence in failing to maintain the safety and security of the wall. They assert, in effect, a common responsibility resting upon Beck, Noonan and Delson, even though acting in different capacities, to keep the wall from falling, all of them having allegedly some control over the operation of demolition and being guilty therefore of a community of fault in the failure to protect a person lawfully on the premises from injury. If two or more persons, without any legal relationship between them, commit separate trespasses, or do separate acts tending to produce injury to another, their resulting liability is several and not joint, but here the safe maintenance of the wall being, under the allegations and inferences therefrom in the pleadings, a common duty, the failure to perform that duty would constitute a common neglect and thereby give rise to a joint liability: *Klauder v. McGrath,* 35 Pa. 128; *Burkett v. Van Tine,* 277 Pa. 567, 572, 121 A. 498, 500. Whatever, therefore, the trial of the issues may ultimately determine, we are of opinion that summary judgments in favor of Delson against Beck should not have been entered on the pleadings.

Judgments reversed with a procedendo.