## Spence v. Stull

Before Shughart, P. J., and Jacobs, J.

*Landis & McIntosh*, for plaintiff.

*Weary, Hess & Humer*, for defendant.

*John E. Slike*, for additional defendant.

SHUGHART, P. J., July 3, 1959.—We have before us for disposition preliminary objections by the additional defendant to defendant's complaint. The complaint of defendant avers that prior to the accident which gave rise to the action, his vehicle was standing at the curb along the highway and that plaintiff and the additional defendant were both operating motor vehicles southwardly on the same highway. Further: "6. At said time and place the said additional defendant, Michael Louis Crognale, was racing with the plaintiff, Joseph E. Spence, and so negligently and carelessly, and/or wantonly operated his vehicle as to cause it to run into and collide with the vehicles of the plaintiff and/or the defendant."

Paragraph 7 consists of the various stock allegations of negligence, including the failure of the additional defendant "to have his vehicle under control, and racing." Finally, the complaint alleges that, as a result of his negligence, the additional defendant is solely liable to plaintiff and/or liable over to defendant for the damage to plaintiff.

The additional defendant contends that defendant fails to state a cause of action upon which he could be

held solely liable or liable over to defendant. The objection is in the nature of a demurrer to the complaint.

Pa. R. C. P. 2252(a) provides for the joinder as an additional defendant "any person not a party to the action who may be *alone liable* or *liable over* to him on the cause of action declared upon or *jointly or severally liable* thereon *with him.*" (Italics supplied.)

The procedure as between defendant and an additional defendant is the same as if the party joining the additional party were a plaintiff and the additional defendant were a defendant: Pa. R. C. P. 2255(a). It is therefore proper for the party joined to file an objection in the form of a demurrer and if the defense is valid, he is entitled to be dropped from the action: Zachrel v. Universal Oil Products Company, 355 Pa. 324; Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112.

The additional defendant contends that there are no facts averred whatsoever that would support a finding of his liability over to defendant. The basis for liability over exists in a situation where the additional defendant is not liable to plaintiff, but because he is an indemnitor or stands in some other relationship to defendant, he is liable to defendant upon a separate cause of action founded upon the duty of indemnification or contribution. See 3 Goodrich-Amram, Procedural Rules Service §2252(a)-7. It is apparent that no factual basis for liability over is laid in defendant's complaint.

The additional defendant further contends that the complaint also fails to state a cause of action on which plaintiff could recover against him alone. Factually, the complaint avers that the injuries suffered by the various parties resulted from the fact that plaintiff and the additional defendant were racing. It is argued that the allegation that plaintiff was engaged in racing shows conduct on his part that bars a recovery by

him and therefore the complaint fails to state a cause of action against the added defendant.

Section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §481, provides that any person who participates in any race or speed contest with a motor vehicle on a highway is guilty of reckless driving which constitutes a summary offense under the code.

Our courts have held that the violation of a mandatory provision of The Vehicle Code constitutes negligence: Jinks v. Currie, 324 Pa. 532, 537, 538; Landis v. Conestoga Transportation Company, 349 Pa. 97, 100; Fisher v. Hill, 362 Pa. 286, 289; Wermeling v. Shattuck, 366 Pa. 23, 27. However, the violation of the statutory provisions will not create liability unless it is an efficient cause of the injury: Stubbs v. Edwards, 260 Pa. 75, 78, and cases cited above. Defendant relies on the allegation of racing by the additional defendant as constituting actionable negligence. Since plaintiff was also a participant in the same race, his conduct at the least would constitute contributory negligence so as to bar a recovery by him. The racing by the additional defendant had to be the proximate cause of the accident to make the additional defendant liable, but if his racing made him guilty of actionable negligence, negligence that was a proximate cause, plaintiff's negligence in participating made him guilty of contributory negligence and bars his recovery: Crane v. Neal, 389 Pa. 329, 335. On the other hand, if the racing did not constitute negligence which was the proximate cause of the collision, there are no other facts alleged that would constitute negligence by the added defendant and the complaint would fail to state a cause of action for that reason: Zachrel v. Universal Oil Products Company, supra; Shaull v. A. S. Beck New York Shoe Co., Inc., supra.

Defendant asserts that the additional defendant may be joined even though no cause of action existing between plaintiff and the additional defendant is shown, if he shows a cause of action between defendant and the additional defendant, and such is shown here, if not directly, then by inference. We cannot agree with this contention. The rule permits joinder of added parties to avoid multiplicity of suits but the clear language of the rule limits joinder to cases where the added party is alone liable to plaintiff, or is liable over to or jointly and severally liable with defendant. Stated another way, the rule permits joinder only in defense against plaintiff's claim.

Joinder so that defendant could make a claim against the additional defendant was specifically disapproved in Sullivan v. Schwiter, 16 D. & C. 2d 717. We agree with that decision. Judge Robinson, speaking of Pa. R. C. P. 2252, said in that case at page 718: "Its sole purpose is to permit proof of *other* responsibility, a *division of* responsibility, or an *apportionment* of responsibility to plaintiff." (Italics supplied.) In this case the refusal to permit joinder for this purpose causes no injury to defendant because he has brought a separate suit against plaintiff and the additional defendant for the damages he sustained in the accident.

Defendant's complaint fails to aver facts showing that anyone is liable to plaintiff for the damages he sustained. Since there is a failure to show liability on the part of the additional defendant to either plaintiff or defendant, his demurrer must be sustained.

And now, July 3, 1959, at 11 a.m., the additional defendant's preliminary objection in the nature of a demurrer is sustained. Costs to be paid by defendant, provided, however, that defendant is given 15 days within which to file an amended complaint so as to state a cause of action against the additional defendant.