## Goldberg v. United States Fidelity and Guaranty Company

*Charles C. Keller; Peacock, Keller & Yohe,* for plaintiff.

*Samuel L. Rodgers; Rodgers & Roney,* for defendant.

SWEET, P. J., July 22, 1968.—Plaintiff and defendant settled a burglary loss in the amount of $6,226.24. This was the sum for which the proof of loss was submitted and for which a release was given. Subsequently, plaintiff brought an action in assumpsit for a supplemental payment in the amount of $8,425.56. Defendant, after a course of pleading had pretty well established an agreed set of facts, moved for judgment on the pleadings. Judge McCune conducted that proceeding and resolved the controversy in favor of defendant. The court en banc was called upon in due course to consider this matter, and we, unhesitatingly, affirm the action of the hearing judge. We could well affirm his opinion of April 8, 1968, as our own, and we do adopt all that was said there.

There are several reasons why plaintiff cannot recover here. "We approach this case in the light of the

well established principle that a summary judgment should be entered on pleadings only in a case that is clear and free from doubt: Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776; Kittaning Coal Company v. Moore, 362 Pa. 128, 132, 66 A. 2d 273; Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112, 85 A. 2d 698," as Vrabel v. Scholler, 369 Pa. 235 (1952), directs. That case goes on to say, " . . . it is not every (mutual) mistake, which will enable the party to avoid the contract; for, to have this effect, it must be of its essence, the sine qua non of the contract . . . " After the burglary, plaintiff and defendant agreed to settle the insured loss upon the IBM records which were used for internal control within the store. No physical inventory was taken because of the Christmas rush. Six weeks later, a physical inventory was taken and it showed a shortage alleged to be in excess of $14,000. Plaintiff claims that there was mutual mistake because the amount disclosed by the record's analysis was inaccurate.

This is not mutual mistake. Restatement, Contracts, §502, Comment (F) says: "Where the parties know that there is doubt in regard to a certain matter and contract on that assumption, the contract is not rendered voidable because one is disappointed in the hope that the facts accord with his wishes. The risk of the existence of the doubtful fact is then assumed as one of the elements of the bargain". It is plain that the mistake here was the kind referred to in that section and described in 5 Williston, Contracts, Sec. 1543.[1] It

---

[1] "It remains, therefore, to consider what mistakes render contractual transactions voidable, and in what cases, if any, a mutual mistake as distinguished from a misunderstanding renders an agreement void, and to distinguish these cases from those where mistake has no legal effect.

"In the first place there must be excluded from consideration mistakes as to matters which the contracting parties had in mind as possibilities and as to the existence of which they took the risk.

is obvious from the foregoing that the mistake, if any, was not of the sort which we call "mutual mistake" and which avoids the contract. It is by no means certain there was mistake at all.

In Bollinger v. Randall, 184 Pa. Superior Ct. 644 (1957), we find this: "Underestimating damages or making a settlement before the damages are accurately ascertained is not considered such a mutual mistake of fact as to relieve from a release of damages or a settlement made by the parties . . . To hold otherwise would create a legal situation which would make it impossible, or at least inadvisable, to settle any suit. Settlements are necessarily based upon the facts which are then available to the parties and there is always the risk that the injuries may prove to be more serious or less serious than then contemplated, and there is also the disputed question of liability to be considered".

Although, at one time, there happened to be a tide running in Pennsylvania toward the easy abrogation of releases, we see that it has been halted. In two recent cases, the Supreme Court has upheld releases: Emery v. Mackiewicz, 429 Pa. 322 (1968); McClelland Appeal, 430 Pa. 284 (1968). Both of these stand squarely behind the validity of an executed release. Here it should be remembered plaintiff has retained the proceeds of the settlement. Nor should it be forgotten that the release was in the exact amount of the proof of loss.

It might also be noted that the theory on which plaintiff operates here to assess the damages at the larger figure is squarely prohibited by the policy. The policy says that, "Unexplained or mysterious disappearance of property . . . or shortage of property disclosed on taking inventory" is excluded. Thus, plaintiff faces not

---

With respect to any matter not made a basic assumption of the contract the parties take their chances".

only the problem that he has been paid the exact amount which he demanded and for which he gave a release, but he also is advancing a theory which flies in the face of a controlling policy provision. As Judge McCune, in his adjudication, well said, "Is this not the precise type of calculation excluded from coverage? . . . the insurance carrier would answer for the pilferage which had taken place during the fiscal year January 31, 1965 to January 31, 1966, plus clothing and other merchandise removed by the proprietor and his family and any other unidentified losses".

Although it is well known that the policy should be construed against the company, we are aware of no requirement of law that obliges us to strike out policy provisions merely because they bar a claim. Neither our research nor the computerized examination of precedent in this State or New York turns up any appellate case squarely on point. We, thus, can only construe the policy to mean what it plainly says.

Defendant also raised the defense of the policy period of limitations, but it is possible that plaintiff is able to avoid this hurdle at the pleading stage. Hence, we do not rest any part of the decision on it.

The judgment of the hearing judge is affirmed. An exception is noted to plaintiff.